SMITH HOGAN, ARTHUR S. HOGAN, AND REUBEN Y. REYNOLDS, PLAINTIFFS IN ERROR, *v.* AARON ROSS, WHO SUES FOR THE USE OF ROBERT PATTERSON.

Where a declaration contained two counts, one of which set out an injunction-bond with the condition thereto annexed, and averred a breach, and the second count was merely for the debt in the penalty; and the pleas were all applicable to the first count, which was upon trial stricken out by the plaintiff, and the court gave judgment upon the second count for the want of a plea, this judgment was proper, and must be affirmed.

THIS case was brought up, by writ of error, from the District Court of the United States for the Northern District of Mississippi.

The question was one of pleading and arose in this way:

At June term, 1840, of the District Court of the United States for the Northern District of Mississippi, Aaron Ross, a citizen of Pennsylvania, recovered a judgment against George Wightman and Smith Hogan, for $3,177.05, with interest from the 11th day of December, 1839.

Ross issued an execution upon this judgment.

On the 30th of September, 1842, when this execution was in the hands of the marshal, Smith Hogan obtained an injunction prohibiting further proceedings under the execution. The signers of the injunction-bond were Smith Hogan, Arthur S. Hogan, and Reuben Y. Reynolds.

In November, 1843, in the Circuit Court of the United States, the following entry was made upon the docket.

SMITH HOGAN, *v.* AARON ROSS. } 401. Dismissed by order of complainant's solicitors.

In May, 1845, Ross brought an action upon the injunction-bond, the penalty of which, being double the amount of the judgment, was 6,354.10. The declaration set out the bond and averred, as a breach of the condition, that Hogan had not prosecuted his writ of injunction to effect, but the same was dissolved and the bill of the said Smith, by said court, dismissed. To

15*

this declaration, three pleas were filed in June, 1845, to the second and third of which the plaintiff demurred, and afterwards the defendant demurred to the plaintiff's declaration. All the demurrers were sustained; and the court gave leave to the plaintiff to amend his declaration.

In December, 1846, the plaintiff filed his amended declaration. This was the commen 'ement of the system of pleading which came before this court ior review.

The amended declaration consisted of two counts.

The first, after setting out in *hæc verba* the condition of the injunction-bond, sets out the breach of the condition, specially, in this, that the said Smith Hogan did not prosecute his said writ of injunction to effect, &c., but afterwards, &c., dismissed the same. It then avers that by means of the wrongful suing out of said injunction, plaintiff has sustained damage to the amount of $4,000. It proceeds to aver, that since the dismissal of the injunction, &c., neither of said obligors, nor any other person, hath paid to plaintiff the damages, &c., nor any part of the judgment enjoined by said writ of injunction.

The second count is upon the obligatory part of the bond alone, without any reference to the condition, and the only breach assigned is the general one, the non-payment of the money mentioned in the bond.

The defendants put in the five following pleas.

1. And the said defendants, by leave of the court first had, by attorney, come and defend the wrong and injury, when, &c., and say *actio non*, because they say that they have prosecuted their said injunction with effect, and this they pray, may be inquired of by the country, &c.; and the plaintiff likewise.

Topp & Miller.

2. And for further plea in this behalf the said defendants say *actio non*, &c., because they say that the said plaintiff was not damnified or in any manner injured by the wrongful suing out of said injunction by the said Smith Hogan, and this they are ready to verify; wherefore they pray judgment, &c.

Replication and issue in short by consent.

Topp & Miller.

3. And for further plea in this behalf the said defendants say *actio non*, because they say they have fully, well, and truly performed all and singular the conditions in said bond specified, and this they are ready to verify; wherefore they pray judgment, &c.

Replication and issue in short by consent.

Topp & Miller.

4. And for further plea in this behalf the said defendants say *actio non*, because they say they have fully, well, and truly per-

formed all and singular the conditions in said bond specified, in this, to wit, that on the      day of    184 , at the district aforesaid, the said plaintiff sued out of the office of the clerk of said District Court a writ of *fieri facias*, founded on the judgment in the bond and declaration mentioned, which on the day and year aforesaid went into the hands of the marshal of said district, to be executed and returned according to law.  And the said defendants aver that said marshal, by virtue of said execution, did levy and make, of the property, goods, and chattels of said defendant, Smith Hogan, a large sum of money, to wit, the sum of four thousand dollars, and this they are ready to verify; wherefore they pray judgment, &c.

5.  And for further plea in this behalf the said defendants say *actio non,* because they say, that the judgment upon which the execution issued, and to enjoin which the supposed injunction-bond upon which this suit is founded was executed, was fully paid off, satisfied, and discharged, and before the issuance of the execution enjoined, to wit, on the 1st day of June, A. D. 1842, at, to wit, in the district aforesaid, and this they are ready to verify; wherefore they pray judgment, &c.

DAVIS & GOODWIN,
*Attorneys for plaintiff.*

. Replication and issue.

TOPP & MILLER.

To the fourth plea there was the following special replication.

*Replication to 4th plea.*

UNITED STATES OF AMERICA,

District Court, *Northern District of Mississippi.*

AARON ROSS, use, &c.,
     *v.*
SMITH HOGAN et al.

. And said plaintiff, by attorney, comes, and &c., and says, as to the plea of said defendants by them fourthly above pleaded, *precludi non,* &c., because, he says, that although the writ of *fieri facias,* founded upon the judgment of the plaintiff in said plea mentioned, was levied upon two negroes as the property of Smith Hogan, one of the defendants therein, yet said plaintiff says that the said two negroes were levied upon by the marshal of said northern district, at the same time, by virtue of sundry writs of *fieri facias,* founded on judgments recovered in said District Court against said defendant, Smith Hogan, to wit, one

in favor of Stephen Davis, for $1,194.20 ; two in favor of James A. Henden, one for $1,194.20, and the other for $3,582.60, and one in favor of Fellows, Wordworth & Co., for the sum of $2,172.46, numbered 23, 24, 25, and 26 ; and the said two negroes being afterwards sold by said marshal, by virtue of said several writs of *fieri facias*, together with the writs of *fieri facias* founded upon the judgment of said plaintiff; yet said plaintiff avers that the sum of money, to wit, the sum of eleven hundred and seventy-eight dollars, raised by the sale of the said negroes by virtue of the writs aforesaid, was by the order of said District Court, to wit, at the June term, 1844, thereof, applied and appropriated to the payment and satisfaction of said other writs of *fieri facias* above mentioned; and said plaintiff avers that no portion of said sum of money raised as aforesaid was appropriated or applied to the payment or satisfaction of said writ of *fieri facias* founded upon the judgment of plaintiff in said plea mentioned; wherefore said plaintiff says he has not had any satisfaction of his said judgment, mentioned in said plea, and this he is ready to verify, &c. ; wherefore he prays judgment, &c.             TOPP & MILLER,
*For plaintiff.*

To the second and third pleas the plaintiff demurred, as follows :

And the said plaintiff, as to the said pleas of the said defendants by them secondly and thirdly above pleaded in this behalf, says, he is not bound by the law of the land to reply to the same ; and for causes of demurrer to said second plea the plaintiff states and sets forth the following, to wit :

1st. Said second plea tenders an issue to an immaterial matter, and not directly put in issue by the declaration.

2d. The said second plea is not responsive to the averments in the declaration mentioned; the plaintiff does not complain that said defendants failed to prosecute their said injunction with effect; the gravamen in the declaration of the plaintiff is this, that the defendant, Smith Hogan, wrongfully obtained and sued out the injunction by which the plaintiff was hindered and delayed in the collection of his said judgment.

3d. And the said plea is in other respects informal and insuffient, &c.             EVANS, and TOPP & MILLER,
*For plaintiff.*

And for cause of demurrer to said third plea, plaintiff shows the following causes :

1st. Said plea only alleges general performance of the conditions of the bond, when special breaches are assigned in the declaration.

2d. And is otherwise informal and insufficient.

EVANS, and TOPP & MILLER,
*For plaintiff.*

To the special replication to the fourth plea, the defendant put in the following rejoinder.

And the said defendants, as to the replications of the said plaintiff to the fourth and sixth pleas of the said defendants, say that the said plaintiff ought not, by reason of any thing by them in said replications alleged, to have or maintain their aforesaid action thereof against them, because they    . that the other writs of *fieri facias* founded on judgments recorded in said District Court against the defendant, as described and set forth in said replication, were younger in point of time than the judgment and execution founded thereon in the plea mentioned. And the said defendants in fact say, that the said plaintiff, by virtue of the execution founded upon the judgment against one George Wightman and Smith Hogan, being the execution in the declaration and fourth and sixth pleas mentioned, and which judgment was rendered and recorded in said District Court, at the June term thereof, 1840, the said marshal did make and levy of the proper goods and chattels of the defendant, Smith Hogan, the said sum of four thousand dollars in said plea mentioned. And the said defendants in fact further say, that the judgment upon which the execution issued, as mentioned and set forth in said replications to the fourth and sixth pleas of the said defendants, were not rendered and recorded in said court until the times as hereinafter mentioned, to wit, the judgment in favor of James A. Henden, at the June term, 1842, of said District Court; the judgment in favor of Stephen Davis, at the June term, 1842; the judgment in favor of Fellows, Wordworth & Co., at the June term, 1842, of said District Court; and so the said defendants in fact say, that the said plaintiff hath obtained payment and satisfaction of his said execution in the said replications mentioned, and this the said defendants are ready to verify; wherefore they pray judgment if the said plaintiff ought to have or maintain his aforesaid action thereof against these defendants.

DAVIS & GOODWIN,
*Attorneys for defendants.*

The plaintiff demurred to this rejoinder, and the defendants joined in demurrer.

On the 11th of December, 1846, the demurrer to the rejoinder was sustained, and the court ordered that the defendants have leave to answer over, which they declined to do; and thereupon the cause was continued by consent of parties till the next term f the court.

In June, 1847, the cause was continued again.

In December, 1847, it came on for trial. A jury being impanelled, the plaintiff, by his attorney, read to the jury the pleadings, a certificate of the clerk of the Circuit Court, showing that the bill in the case of Hogan v. Ross was dismissed by order of complainant's solicitors, and there rested his case. The defendants then put in a demurrer to the evidence.

On the 10th of December, 1847, the following proceedings took place.

*Friday, December the 10th, 1847.*

This day came the parties by their attorneys, and it appearing to the satisfaction of the court that defendants have filed no plea to the second count in plaintiff's declaration, but have therein wholly made default: It is therefore considered by the court, that plaintiff recover of defendants the sum of six thousand three hundred and fifty-four dollars and ten cents debt, in the said second count in the declaration mentioned, and also the costs in this cause expended. And the plaintiff, by attorney, comes and remits the sum of twenty-six hundred sixty-two dollars and seventy-eight cents, being part of the judgment above mentioned.

Defendants' motion in arrest of judgment, filed and entered December 10th, 1847, as follows, to wit:

AARON ROSS, use of, &c.,
            *v.*                    } 401.
SMITH HOGAN and others.

The defendants move the court to arrest the judgment in this case:

1. Because the court cannot pronounce a final judgment upon the second count in the declaration.

2. For other causes.            DAVIS & GOODWIN.

Also, afterwards, to wit, on the 11th day of December, being a day of the December term of said court last aforesaid, the further proceedings were had in the foregoing cause, to wit:

AARON ROSS, use of Robert Patterson,
            *v.*
SMITH HOGAN, ARTHUR S. HOGAN, AND
        REUBEN Y. REYNOLDS.

*Saturday, December the 11th, 1847.*

This day came the parties, by their attorneys, and then came on to be heard defendants' demurrer to plaintiff's testimony; in which said demurrer the plaintiff was ordered to join, but refused to join, and thereupon dismissed the first count in his declara-

tion set forth; whereupon the defendants demanded judgment on the demurrer to the evidence for want of joinder thereto, which is refused by the court.

And also, afterwards, to wit, on the day and at the term last above stated, the further proceedings were had in the aforesaid cause, to wit:

AARON ROSS, who sues for the use of Robert Patterson,

*v.*

SMITH HOGAN, ARTHUR S. HOGAN, AND REUBEN Y. REYNOLDS.

} 401.

*Saturday, December the 11th, 1847.*

This day again came the parties, by their attorneys, and thereupon came on to be heard defendants' motion to arrest the judgment rendered in this cause on yesterday; and, after argument, it is considered by the court that said motion be overruled.

A writ of error brought all these proceedings up to this court.

It was argued by *Mr. Reuben Davis*, for the plaintiffs in error, and *Mr. Coxe.* for the defendant in error.

*Mr. Davis.* This was an action of debt founded upon an injunction-bond. The declaration contained two counts. The first count sets out the bond and condition, and assigns breaches; the second is only upon the penal part of the bond. The defendants below filed but one plea, which undertakes to answer the whole declaration, and is an answer to the whole.

The case having been put to the jury, the plaintiff introduced his proof and closed. Thereupon the defendants demurred to the testimony, and tendered an issue to the court. The plaintiff refused to join in the issue upon the demurrer, and the court refused to compel him to do so, or allow the defendants to sign judgment. Thus stood the case, when the plaintiff's counsel asked the court for judgment final by default upon the second count, upon the ground that it had not been replied to. This was allowed by the court; still leaving the demurrer to the testimony undisposed of.

The court certainly erred in allowing judgment upon the second count. The plea undertakes to answer the whole declaration; and if it does not do so, the objection should have been by demurrer. The plaintiff could not sign judgment. 6 Johns. Rep. 63; 18 Johns. Rep. 28; 20 Johns. Rep. 471; 1 Saunders, Rep. 28, note 3; Chitty, 510.

I confess that when a plea undertakes to answer only a part of the declaration, and afterwards answers more, judgment in

that case may be signed for so much as the plea in its commencement does not undertake to answer. 6 Johns. Rep. 63; 18 Johns. Rep. 28; 20 Johns. Rep. 471; 1 Saunders, Rep. 28, note 3; 2 Chitty, 510.

It was a manifest error to allow plaintiff to take judgment, even if the plea had not extended to the second count of the declaration final. 4 Phillips, Evidence, 169; 1 Saunders, Pleading and Evidence, 319.

The only remaining question is, what the judgment of the court shall be? There can be no question that the court will feel it to be their duty to reverse the judgment below. This being done, I insist that it will be the duty of the court to render upon the demurrer such judgment as the court below should have rendered in the case. There can be no necessity for reversing the judgment, and returning to the court below, as there is nothing to be settled by that court.

*Mr. Coxe*, after stating the nature of the amended declaration, proceeded to comment upon the rest of the pleadings.

The defendants appear and plead several pleas.

1. *Actio non*, because they have prosecuted their injunction with effect, and pray an issue to the country.

2. General *non damnificatus* with a verification.

3. General performance of condition with a verification.

4. Full performance of all and singular the conditions of said bond, in this, viz., that plaintiff sued out a writ of *fieri facias* on the judgment in the bond and declaration mentioned, which went into the hands of the marshal; and that the said marshal did, by virtue of the same, levy and make of the property of said Smith Hogan $4,000; no time specified.

5. That prior to the issuing of the execution enjoined, viz., in June, 1842, the judgment upon which it issued was fully paid.

It will be observed that oyer is not prayed of either the bond or the condition, and consequently none was given. The five pleas put in, informal and defective as they are in many respects, while they profess to answer the entire declaration, are substantially only an answer to the first count, leaving the second unnoticed. The pleadings on both sides, after the *narr.*, are unskilfully drawn; a replication is filed to the 4th plea, to which there is a rejoinder and a demurrer to that rejoinder, a demurrer to the 2d and 3d pleas, issue joined on the first. The demurrer to the rejoinder was argued and sustained; leave given to defendants to answer over, which was declined; whereupon judgment on that was given for plaintiff.

The cause came on to be tried on the issue joined on the first plea; after the plaintiff had produced his evidence, defendants

demurred to the evidence, which demurrer was argued; and afterwards the court rendered judgment for plaintiff on the second count in the declaration for want of a plea; a motion was made in arrest of judgment, which was overruled. The demurrer to the evidence came on to be heard, the plaintiff re- fusing to join therein and dismissing the first count in his decla- ration, and judgment was entered for plaintiff on the 2d count.

It cannot be doubted that there was much irregularity in the conduct of the case; but it all originated in the bad pleading of defendants, and it is apparent that the final judgment is in accordance with the law and justice of the case.

The rule of pleading is clearly laid down by Mr. Sergeant Williams, 1 Saund. 28, n. 3, and the authorities there cited. Every plea must answer the whole declaration or count. If a plea, as in this case, begin with an answer to the whole declara- tion, but in truth the matter pleaded is only an answer to part, the whole plea is bad. In such case plaintiff may take judg- ment for the part unanswered as by *nil dicit.* 4 Rep. 62 a; 1 Chit. Rep. 132, note a; Id. 526, n.

It must be apparent on the whole pleadings that defendants had no defence to the action, and merely made defence for de- lay, and that plaintiff is entitled to judgment on the merits.

Mr. Justice DANIEL delivered the opinion of the court.

This was an action of debt instituted by the defendant in error, who was plaintiff in the court below against the plaintiffs in error, as the obligors in an injunction-bond. To the origi- nal declaration three pleas were filed at the June term of the court, 1845; to the second and third of these pleas the plaintiff demurred; and at the December term, 1845, the defendants demurred to the plaintiff's declaration. The de- murrers to the two pleas above mentioned were sustained by the court, and afterwards, viz.: on the 10th December, 1846, the court decided in favor of the demurrer to the declaration; giving at the same time leave to amend. The plaintiff, under this leave, filed his amended declaration, presenting the case which was acted upon in the court below. The amended de- claration consists of two counts; the first sets out the injunction- bond with the condition thereto annexed, and alleges a breach of that condition as the special ground of the action. The second count is for the penalty of the bond, as having been for- feited by failure of payment. The defendants filed five pleas to the amended declaration; upon the first of these pleas an issue of fact was joined, and the four following were by the court adjudged bad upon demurrer. At the December term of the court, 1847, the cause coming on for trial upon the issue joined

upon the first plea, after the testimony on the part of the plaintiff was closed, the defendants tendered a demurrer to the evidence offered by the plaintiff, but in this the plaintiff refused to join, and dismissed or struck out the first count in his declaration; whereupon the defendants moved the court for judgment on the demurrer to evidence, for want of a joinder thereon, but this motion the court refused to grant, and afterward entered up the following judgment: " It appearing to the satisfaction of the court that the defendants have filed no plea to the second count in the plaintiff's declaration, but have therein made default; it is therefore considered by the court that the plaintiff recover of the defendants the sum of six thousand three hundred and fifty-four dollars and ten cents debt in the second count in the declaration mentioned, and the costs in this cause expended.

If in our examination of the decision of the Circuit Court, it were deemed necessary to pass upon the legal effect of the pleas tendered by the defendants below, and overruled by the court, we could have no hesitation in pronouncing each of those pleas bad upon demurrer. It is a settled rule in pleading, that wherever a plea in its commencement professes to respond to the entire declaration or count, and is in substance and reality in answer to part only of such declaration or count, the plea is bad, and the defect may be availed of, upon demurrer. If a plea profess in the commencement to answer only part of the declaration or count, and is in truth and substance a response to such part alone, the plaintiff should not demur, because the residue of the count or declaration is unanswered, but should take judgment for that residue by *nil dicit*, as by demurring he would operate a discontinuance of the entire cause. The authorities upon these canons of pleading will be found collected from the earliest decisions by Sergeant Williams in note 3 to the case of the Earl of Manchester *v.* Vale, 1 Saunders, 28. The same rules are expressly affirmed in Tippet *v.* May, 1 Bosanquet & Puller, 411; Everard *v.* Patterson, 6 Taunton, 625; Wilcox *v.* Newman, 1 Chitty's Reports, 132, and Hallet *v.* Holmes, 18 Johnson, 28. In the case before us every plea tendered by the defendants embraces within its commencement the entire cause of action, averring that the plaintiff should not have or maintain his action; yet each of them in its body and substance is limited to the condition of the injunction-bond and to some stipulation in that condition to which each plea specifically refers. The pleas demurred to therefore, could not but be properly overruled; and with respect to that upon which issue was joined, it being immaterial and inconclusive as to the entire declaration, and defective in the same sense with the others, had the issue been found against the plaintiff, he would

still have been entitled to judgment *non obstante veredicto.* But upon this record there remains no subject for the application of the rules of pleading above adverted to. The first count in the declaration having been dismissed or striken out, every thing which was pertinent strictly to that count, or which constituted a defence to the case made thereby, falls with the count against which such defence was interposed. The case then remains solely on the second count in the declaration, and it cannot be pretended that to this count, consisting purely of a money claim, connected with no condition, any pleas have been interposed upon this record to this count; therefore the case must be considered as one of plain default entirely unanswered by the defendant below, and as having been properly so treated by the Circuit Court. The judgment of the Circuit Court is therefore affirmed.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the Northern District of Mississippi, and was argued by counsel; on consideration whereof, it is now here ordered and adjudged by this court that the judgment of the said District Court in this cause be, and the same is hereby affirmed with costs and damages at the rate of six per centum per annum.