## WILLIAM DWIGHT *vs.* GEORGE E. HOLBROOK.

Judgment may be rendered for a plaintiff on the second count of his declaration, to which no answer has been filed, although a demurrer to the first count has been filed.

CONTRACT. The first count set forth that the defendant made an agreement in writing to be responsible for certain rent, according to the tenor of a lease referred to in the agreement, and that he owed the plaintiff thereon one hundred and fifty dollars. The second count was a common count for use and occupation. The defendant demurred to the first count, and filed no answer to the second; and, after a hearing in the superior court, the demurrer was overruled, and judgment ordered for the plaintiff on the second count. The defendant appealed to this court.

*R. F. Fuller,* for the defendant.

*W. Dwight,* for the plaintiff.

BIGELOW, C. J. The correctness of the decision of the court on the demurrer is not before us. The plaintiff does not seek to recover anything upon the first count. The only final judgment rendered in the case by the court below was on the second count. It was by this judgment that the defendant was aggrieved, and from it he appealed to this court.

This judgment was clearly right. The defendant had filed no answer to the second count. By the well settled rules of pleading at common law, if a defendant failed by his plea to answer the whole of the substantial allegations in any one count, or entirely omitted to plead to any count in the declaration, the plaintiff had a right to take judgment as to so much of the declaration as was not covered by the plea, as upon a *nil dicit.* *Vincent* v. *Beston,* 1 Ld. Raym. 716. *Weeks* v. *Peach,* 1 Salk. 179. *Market* v. *Johnson,* Ib. 180. *Earl of Manchester* v. *Vale,* 1 Saund. 28, n. *Hogan* v. *Ross,* 13 How. 173. This rule is not changed by our practice act; on the contrary, it is expressly provided that any substantive fact alleged with substantial precision and certainty shall be deemed to be admitted. *St.* 1852, *c.* 312, § 26. Gen. Sts., *c.* 129, § 27. In the case at

bar, the defendant wholly omitted to answer one count in the declaration, which contained a good cause of action, well and sufficiently stated. It was therefore admitted, and the plaintiff was entitled to judgment thereon. The proper course for the defendant was to demur to the first count and file an answer to the second. But he could not rest on his demurrer alone, leaving a part of the declaration unanswered, without incurring the risk of a judgment against him as to that part of the cause of action set out in the declaration, to which he had alleged no defence. *Judgment for the plaintiff on the second count.*