**Ira F. SMITH, Appellant,**

v.

**Harold E. KELLEY, et al., etc., Appellees.**

Court of Appeals of Kentucky.

March 19, 1971.

David O. Welch, Ashland, for appellant.

C. B. Creech, Creech & Hogg, Ashland, for appellees.

CLAY, Commissioner.

Appellant brought this suit for a partnership accounting. The Chancellor adjudged no partnership existed and dismissed appellant's claim. Appellant contends on appeal that the judgment is "erroneous".

With one exception, there is little dispute about the facts. In 1964 appellees Kelley and Galloway were partners in an accounting business. Appellant left another firm and came to work for them. For three and one-half years appellant drew $1,000 a month, plus $100 a month for travel expenses. At the end of each year he was paid a relatively small additional sum as a bonus out of the profits of the business. Not until appellant left the Kelley-Galloway firm in 1968 did he make any claim that he was entitled to a fixed percentage of the profits. In this lawsuit he asserts he had a twenty-percent interest therein.

There was no writing evidencing a partnership agreement. However, during the years appellant worked for the firm he was held out to the public as a partner. In a contract entered into between Kelley, Galloway, appellant and a third party, appellant was designated a partner. Partnership tax returns listed him as such; so did a statement filed with the Kentucky Board of Accountancy. In a suit filed in the circuit court against a third party he was designated a partner.

On the other hand, Kelley, Galloway and another employee of the firm testified there was no agreement that Smith would be a partner or have a right to share in the profits; he made no contribution to the assets of the partnership; he took no part in the management; he had no authority to hire or fire employees or to make purchases for the firm; he did not sign any notes when the firm was borrowing money; and he was not obligated to stand any losses of the firm.

■ ■ A partnership is a contractual relationship and the intention to create it is necessary. Pearl Bowling & Co. v. Hensley & Hensley, 259 Ky. 651, 83 S.W.2d 31 (1935). As to third parties, a partnership may arise by estoppel (Studebaker Corporation of America v. Dodds & Runge, 161 Ky. 542, 171 S.W. 167 (1914), but our question is whether the parties intended to and did create such a relationship as would entitle appellant to share in the profits.

■ The Chancellor found that the original partners had at no time agreed that appellant would be entitled to share in a percentage of the profits. This was a matter of credibility and the Chancellor, who heard the evidence, chose to believe appellees. His finding on this point was not clearly erroneous and would seem to be dispositive of the case. In addition however, the conduct of the parties over a three-and-one-half-year period confirms the conclusion that, though appellant was held out to the public as a partner, between themselves a partnership relationship was not intended to be and was not created. We find no error in the court's findings of fact or conclusions of law.

Appellant relies on Guthrie v. Foster, 256 Ky. 753, 76 S.W.2d 927 (1934), wherein the Chancellor's finding that a partnership existed was based on certain facts similar to those we have in this case. However, there were other considerations in the cited case that do not appear here and it is not controlling.

We have examined the Uniform Partnership Act, and particularly KRS 362.175,

362.180(1), 362.180(4) (b), 362.235(1), (5) and 362.235(7), and find the trial court's decision took cognizance of the essential elements of a partnership therein prescribed.

The judgment is affirmed.

All concur.