# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 96-30554

INTERNATIONAL PAPER COMPANY,

Plaintiff-Appellant,

versus

DENKMANN ASSOCIATES; DEMISS CORPORATION,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana

June 12, 1997

Before POLITZ, Chief Judge, DeMOSS, Circuit Judge, and JUSTICE,[*] District Judge.

POLITZ, Chief Judge:

International Paper Company appeals the district court's dismissal for lack of subject matter jurisdiction. Concluding that the district court properly determined that no diversity of citizenship exists between IP and Denkmann Associates, a general partnership, we affirm.

## BACKGROUND

IP filed this action to compel Denkmann and Denmiss Corporation to arbitrate the price of an option to purchase approximately 95,000 acres of

[*] District Judge of the Eastern District of Texas, sitting by designation.

Louisiana timber land. Federal jurisdiction is based on diversity of citizenship. IP is a New York corporation; Denkmann is a Louisiana partnership; and Denmiss is a Mississippi corporation. Unbeknownst to IP, shortly before the instant action was filed Ethleen Taggart transferred her entire partnership interest to her children and grandchildren, including her grandson, Cole Thomson, a resident of New York.[1] The transfer was not recorded with the Louisiana Secretary of State.

Denkmann and Denmiss moved to dismiss IP's action for lack of subject matter jurisdiction,[2] contending that because IP was a New York corporation and a partner of Denkmann was a resident of New York, complete diversity of citizenship did not exist. IP moved to dismiss Denkmann, but that motion was denied because Denkmann was deemed an indispensable party. The district court granted the Denkmann and Denmiss jurisdictional motion and IP appealed.

### ANALYSIS

IP maintains that because Thomson's interest in Denkmann was not recorded with the Louisiana Secretary of State in accordance with the Central Registry for Contracts of Partnership Act,[3] Thomson was not a partner of

---

[1] There is no contention that this transfer was made for the purpose of defeating diversity jurisdiction. The record satisfies to the contrary.

[2] Fed.R.Civ.P. 12(b)(1).

[3] La. R.S. 9:3401-3408 (West 1991).

Denkmann for the purpose of diversity jurisdiction. We are not persuaded.[4]

The Central Registry for Contracts of Partnership was created in 1980. Louisiana Revised Statute 9:3402 sets forth its purposes:

> The contract of partnership...shall be filed for registry with the secretary of state in accordance with the provisions of this Chapter to affect third persons as provided by Civil Code Articles 2806 and 2841...or when the parties choose to comply with the provisions of this Chapter.

The partnership contract must contain the name, taxpayer identification number, and address of the principal place of business of the partnership. In addition, the name and address of each partner must be included therein.[5] An amendment to the partnership contract may be filed, affecting third persons thereafter.[6]

A partnership in Louisiana has the option to file its contract of partnership in the Central Registry. As section 3402 reflects, there are two consequences attendant upon a partnership's failure to so file. First, immovable property cannot be owned in the name of the partnership if the contract of partnership is not filed.[7] In such a case, the individual partners are deemed to have title to the

---

[4]We review dismissals for lack of subject matter jurisdiction *de novo*, applying the same standard as that applied by the district court. *See Whatley v. Resolution Trust Corp.*, 32 F.3d 905 (5th Cir. 1994).

[5]La. R.S. 9:3403.

[6]La. R.S. 9:3404.

[7]La. Civ. Code art. 2806:
> An immovable acquired in the name of a partnership is owned by the partnership if, at the time of acquisition, the contract of partnership was in writing. If the contract of partnership was not in writing at the time of acquisition, the immovable is owned by the partners.
> As to third parties, the individual partners shall be deemed to own immovable property acquired in the name of the partnership until the

3

immovable property. Second, if the contract of partnership is not filed, a limited partner is liable to a third party in the same manner as a general partner.[8]

When a law is clear and unambiguous and its application does not lead to absurd consequences, it must be applied as written and no interpretation may be made ostensibly in search of the intent of the legislature.[9] The language of section 3402 is both clear and unambiguous. The failure to file a contract of partnership or an amendment to a contract of partnership produces only the two delineated consequences. The failure to file a contract of partnership or an amendment to a contract of partnership does not, in any manner, nullify or invalidate a partner's interest in a partnership.

Denkmann chose to comply with the Central Registry Act and file its contract of partnership. Denkmann did not, however, file an amendment to that contract to reflect Thomson's acquired interest in the partnership. This failure does not in any way invalidate Thomson's interest; he is a general partner of Denkmann.

For the purpose of diversity jurisdiction, the citizenship of a partnership is

---

contract of partnership is filed for registry with the secretary of state as provided by law.

[8]La. Civ. Code art. 2841:
A contract of partnership in commendam must be in writing and filed for registry with the secretary of state as provided by law. Until the contract is filed for registry, partners in commendam are liable to third parties in the same manner as general partners.

[9]La. Civ. Code art. 9.

4

determined by reference to the citizenship of each of its partners.[10]  Thomson, a partner of Denkmann, is a citizen of New York, effectively making Denkmann a citizen of New York.  Thus, no diversity of citizenship exists between Denkmann and IP, and the district court properly held that subject matter jurisdiction was lacking.

The district court also held that Denkmann was an indispensable party to this action.[11]  We find no error in this conclusion.  A judgment rendered without Denkmann could prejudice Denmiss.  Denkmann owns 84,000 of the 95,000 acres of land at issue.  The land owned by Denkmann is interspersed throughout the land owned by Denmiss.  The dismissal of Denkmann could, therefore, greatly impact the value of the land owned by Denmiss.  Furthermore, IP has an adequate remedy as it can file suit in Louisiana state court seeking the remedy sought herein.

For the foregoing reasons, the judgment of the district court is AFFIRMED.  Pending motions are DENIED.

---

[10]*Royal Ins. v. Quinn-L Capital Corp.*, 3 F.3d 877 (5th Cir. 1993), *cert. denied* 114 S.Ct. 1541 (1994).

[11]Fed.R.Civ.P. 19(b).