Elizabeth M. CARBINE

v.

XALAPA FARM LIMITED PARTNERSHIP, et al.

Civil Action No. 97–2288.

United States District Court, E.D. Louisiana.

Sept. 29, 1997.

George Pivach, II, Pivach & Pivach, Belle Chasse, LA, Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA, Max Nathan, Jr., Michael A. Berenson, Sessions & Fishman, New Orleans, LA, for Plaintiff.

Judy Perry Martinez, Robert L. Redfearn, Douglas Watson Redfearn, Simon, Peragine, Smith & Redfearn, LLP, New Orleans, LA, for Defendants Callon Offshore Production Co., Inc.

Hal Clayton Welch, Kenneth Marc Klemm, Lemle & Kelleher, New Orleans, LA, for Defendant Greenhill Petroleum Corp.

Kenneth A. Weiss, Thomas A. Roberts, McGlinchey, Stafford & Lang, New Orleans, LA, for Defendant Xalapa Farm Ltd. Partnership.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is plaintiff's Motion for Remand. For the following reasons, the motion is GRANTED.

## I. BACKGROUND:

Xalapa Farm Limited Partnership (the "Partnership") was formed by Lillie Webb and one of her daughters, Celeste Neuman, on December 28, 1995. Initially, Webb owned 99% of the partnership interest with Neuman owning the remainder. The two were both general and limited partners, although Neuman immediately assigned her general partnership interest to CMN Corp., which was owned by Neuman and her husband.

On May 17, 1996, Webb became ill and lapsed into a coma. On that same day, Webb's attorney-in-fact executed several acts of assignment, granting certain mineral rights royalties to the Partnership "in consideration of her natural love and affection." Mrs. Webb died on the following day. On the date of (but presumably prior to) Webb's death, her attorney executed an additional fifteen assignments, granting approximately one-half of her limited partnership interests to her children and grandchildren.

The plaintiff, Elizabeth Carbine, is the daughter of Lillie Webb, sister to Celeste Neuman. She was among the eleventh-hour assignees of May 18, 1996. On July 17, 1997, plaintiff brought this action against the Partnership in the 25th Judicial District for the Parish of Plaquemines, State of Louisiana, alleging *inter alia* that the May 17, 1996 assignments of mineral interests to the Partnership are null and void. In addition to the Partnership, plaintiff has named as defendants the operators of certain oil and gas wells relating to the mineral interests— namely, Callon Offshore Production Company, Inc. (a Mississippi corporation with its principal place of business in Mississippi) and Greenhill Petroleum Corporation (a Texas corporation with its principal place of business in Texas). Plaintiff seeks the following relief: 1) a declaratory judgment returning the mineral interests to the Louisiana succession of Lillie Webb; 2) an order returning to the Louisiana succession all monies received by the Partnership in connection with the mineral interests; 3) an accounting; and 4) an order requiring Callon and Greenhill to pay all revenues to the Louisiana succession. The Partnership removed the action to this

Court on July 22, 1997 on the basis of diversity jurisdiction.

## II. *ANALYSIS:*

Plaintiff now seeks to have this case remanded on grounds that complete diversity is lacking due to her status as a limited partner in the Partnership. The defendant argues that plaintiff is not a limited partner and, therefore, that her citizenship should not be counted for purposes of determining whether diversity exists.

The seminal issue in this case is whether this Court has jurisdiction over this claim. "It is axiomatic that diversity jurisdiction, the alleged basis of this court's jurisdiction, requires complete diversity between plaintiffs and defendants." *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 814 (5th Cir.), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). "In other words, for diversity jurisdiction to exist, no plaintiff may be a domiciliary of the same state as any defendant." *Id.* In determining the citizenship of an unincorporated entity such as a partnership a federal court must look to the citizenship of all its members, including specifically limited partners. *Royal Ins. v. Quinn–L Capital Corp.,* 3 F.3d 877 (5th Cir. 1993), *cert. denied* 511 U.S. 1032, 114 S.Ct. 1541, 128 L.Ed.2d 193 (1994); *Carden v. Arkoma Assoc.,* 494 U.S. 185, 187–196, 110 S.Ct. 1015, 1016–21, 108 L.Ed.2d 157 (1990). Therefore, to determine whether this Court is the proper forum for this case, the dispositive inquiry is whether the plaintiff and/or her brothers are limited partners. Because the Partnership is the party seeking to invoke this Court's jurisdiction, it bears the burden of disproving that plaintiff and her brothers are limited partners. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981); *Cameron v. Hodges,* 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132 (1888).

### A. *The Arguments:*

The plaintiff contends that she and her brothers, all Louisiana residents, are limited partners in the Partnership. Alternatively, she argues that she is a partner for purposes of diversity jurisdiction or at least a "member" of an unincorporated entity. In support of her contention, plaintiff has submitted documents that, according to plaintiff, compel a finding that she and her brothers are limited partners or at least "members" in the Partnership. These documents include letters, tax forms, and financial statements from the Partnership, all of which reflect the plaintiff's status as a limited partner.

The defendant takes the position that Ms. Carbine and the others are not limited partners but rather mere assignees of a limited partnership interest. Defendant asserts that at Ms. Webb's death her estate became a general partner in the partnership pursuant to § 12.7(b) of the Partnership Agreement and that no other partners have been admitted to the partnership. Because the plaintiff is not a partner, the defendant argues, the Partnership is imbued with Kentucky residence only. If the Partnership is not tainted with the plaintiff's Louisiana citizenship, then plaintiff is diverse from each of the defendants and diversity jurisdiction exists.

To support its position that Ms. Carbine is not a partner, defendant relies upon Kentucky state law and the Partnership Agreement. The defendant starts with the principle that a partnership is a voluntary contractual relationship, requiring the intention of all parties to form it. *See Smith v. Kelley,* 465 S.W.2d 39, 40 (Ky.1971). Accordingly, under Kentucky state law, the assignment of a partnership interest entitles the assignee only "to receive such distributions, and to receive such allocation of income, gain, loss, deduction or credit or similar item, to which the assignor was entitled, to the extent assigned." Ky.Rev.Stat.Ann. § 362.479(3). It does not "entitle the assignee to become or to exercise any rights of a partner." Ky.Rev. Stat.Ann. § 362.479(2). According to the defendant, to become limited partners in the Partnership, the assignees must meet the requirements of the Partnership Agreement set out in sections 12.2(d) and 12.[1]

---

1. Section 12.2(d) provides for the assignment of limited partnership interests upon compliance with section 12.6, which has three requirements:

(a) a fully executed and acknowledged written instrument be filed with the Partnership setting forth the intention of the assignor that the assign-

Plaintiff, on the other hand, urges that it is not necessary for the Court to look to state law or the Partnership Agreement to determine whether the plaintiff and her brothers are limited partners for diversity jurisdiction purposes. According to the plaintiff, as individuals who jointly own roughly 36% of the Partnership and who have been treated by the Partnership as partners, the plaintiff and her brothers should be considered by this Court as partners. In support of this argument, plaintiff cites *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134 (5th Cir. 1997). *International Paper*, however, does not support the plaintiff's argument. Although the Fifth Circuit in that case did find that the New York partner remained a partner for diversity purposes despite the partnership's failure to register his interest with the Secretary of State, the court grounded its decision in Louisiana law.

■ More analogous to the case at hand is *United National Ins. Co. v. Waterfront N.Y. Realty Corp.*, 907 F.Supp. 663 (S.D.N.Y. 1995). In *United National*, the plaintiff argued that a deceased limited partner's estate should not be considered a partner for purposes of determining diversity of citizenship. The court agreed, holding that although the estate held a partnership interest, it never actually became a partner because the requirements of the partnership agreement and of state law had not been met. *Id.* at 671. Despite plaintiff's contentions, therefore, it is necessary in this case to look at Kentucky law and to the actual Partnership Agreement in deciding whether the plaintiff

and her brothers should properly be considered limited partners.[2]

■ As a creature of contract, a partnership is defined by the intent of the parties. Where, as here, a partnership agreement exists, the Court must look first to such agreement as the expression of the parties' intent and may not look to extrinsic evidence of the parties' intent unless a contract provision is found to be ambiguous. *In re Manning*, 831 F.2d 205, 206 (10th Cir.1987).

### B. *The Partnership Agreement:*

■ The Court must review each of the provisions of section 12.6 to determine whether the requirements of the Partnership Agreement have been satisfied. Subsection (a) requires that the assignment of a partnership interest be executed, authorized, and filed with the Partnership. Additionally, the assignor's intention that the assignee become a substitute limited partner must be manifested by the assignment. The defendant argues that the assignments of May 18, 1996 fail to evidence such intent on the part of Lillie Webb—that they manifest merely an intent on the part of Webb to confer on each of the assignee's an interest in the Partnership. The Court disagrees. The assignments on their face assign a certain percentage to the named assignee of Webb's "right, title and interest in and to a [certain] % interest *as a limited partner.*" *See* Plaintiff's Exhibit A (emphasis added). This language, when read in light of section 12.2(d), makes clear the assignor's intent that the assignees become limited partners in the Partnership.

ee become a substitute limited partner; (b) such other instruments as the General Partners may, in their sole discretion, deem necessary; and (c) the Managing General Partner's consent to the assignment and substitution.

2. Plaintiff argues alternatively that even if the Partnership Agreement controls and even if its requirements have not been satisfied, the plaintiff is nevertheless a "member" of an unincorporated entity who, according to Supreme Court precedent, must be counted for purposes of diversity jurisdiction. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). Although the Court understands the plaintiff's approach to this problem, it is unable to agree that the Supreme Court has created a

third, non-partner category of member in a limited partnership. Rather the Court in *Carden* was addressing unincorporated entities in general and when it spoke of "all the members" of such an entity it meant simply that—"all the members" of *any* unincorporated entity. Here, the defendant is not some novel or loosely defined entity unknown to the federal law—it is a partnership. Its members are partners. The Supreme Court has in no way detracted from the rule that, when a partnership is a party, the determinative question in ascertaining whether diversity exists is whether each of the partners is diverse from each of the plaintiffs. *See, e.g., International Paper, supra,* 116 F.3d at 136; *United National,* 907 F.Supp. at 667.

Subsection (b) requires the assignor and assignee to execute such other instruments as the General Partners may, in their sole discretion, deem necessary, including the written acceptance and adoption by the assignee of the provisions of the Partnership Agreement. The defendant maintains that subsection (b) has not been met because the plaintiff has never executed a written acceptance of the Partnership Agreement. The Court disagrees that such a document was required. Subsection (b) can reasonably be read to require the assignee's written acceptance and adoption of the Partnership Agreement only in the event that the General Partner deems the execution of such a document to be necessary. Thus, because section 12.6(b) is susceptible to more than one reasonable interpretation, the Court has no choice but to look to extrinsic evidence to determine the parties intent with respect to what is required by the provision and whether it was satisfied. *See, Manning, supra,* 831 F.2d at 206. Considering the numerous letters, financial statements, and other documents reflecting the Partnership's treatment of the plaintiff as not merely an "assignee" but a partner, the Court finds that whatever additional formalities the General Partners may have deemed necessary pursuant to subsection (b) were satisfied.

Finally, subsection (c) requires the consent of the Managing General Partner. Considering that the Managing General Partner was Lillie Webb, the party who executed the assignments, it would appear beyond dispute that she consented to the assignment and substitution. Nevertheless, the defendant argues that subsection (c) was not satisfied because Webb executed the assignments in her capacity as a limited partner, not in her capacity as Managing General Partner. The Court disagrees. Subsection (c) prescribes no particular formality for the expression of the Managing General Partner's consent. It does not even require that such consent be evidenced in writing. It simply requires that it be given. As discussed above in connec-

tion with subsection (a), the assignments demonstrate that it clearly was.

Accordingly, the Court finds that requirements of the Partnership Agreement have been met and that the plaintiff is a limited partner of the Partnership.[3] Diversity of citizenship, therefore, does not exist between the parties, and this Court lacks subject matter jurisdiction, it over this matter. Consequently, the Court declines to rule on the defendant's Motion to Dismiss.

For the foregoing reasons, IT IS ORDERED that plaintiff's Motion to Remand is HEREBY GRANTED, and this matter is HEREBY REMANDED to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

---

3. The Court notes that the plaintiff disputes the validity of the Partnership. By finding for purposes of diversity jurisdiction that plaintiff is a limited partner, this Court expressly does not comment on the ultimate validity of the Partner-

ship Agreement or the disputed assignments of mineral interests. The findings made herein are for the sole purpose of determining the issue of jurisdiction.