## CHAPMAN *v.* BARNEY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 150. Submitted January 8, 1889. — Decided March 5, 1889.

Amendments are discretionary with the court below and are not reviewable by this court: this rule applies to an amendment substituting a new sole plaintiff for the sole original plaintiff.

When there has been an appearance and no plea, or when, on account of amendments and changes of pleading the declaration remains without an answer, it is error to call a jury and to enter a verdict unless for assessment of damages merely.

It is error to proceed to trial and enter a verdict and render judgment against a defendant on an amended declaration in which the party plaintiff is changed, when he has no notice of the order giving leave to amend, or opportunity to plead to the amended declaration, or day in court to answer to the suit.

An allegation that the plaintiff is a joint stock company organized under the laws of a State is not an allegation that it is a corporation; but, on the contrary, that it is not a corporation, but a partnership.

An allegation that a joint stock company plaintiff is a citizen of a State different from that of the defendant, will not give this court jurisdiction on the ground of citizenship.

It is again decided that this court will of its own motion take notice of questions of jurisdiction presented by the record, although not raised by the parties, and that when the jurisdiction of a Federal court is sought on the ground of diversity of citizenship, the facts conferring the jurisdiction must either be distinctly averred in the pleadings or must clearly appear in the record.

When the judgment below is reversed in this court for want of jurisdiction in the Circuit Court, the plaintiff in error is entitled to his costs in this court.

THE case is stated in the opinion.

*Mr. Robert T. McNeal* and *Mr. Frank Baker*, for plaintiff in error, cited: (1) To the first point stated in the opinion. *Davis Avenue Railroad* v. *Mallon*, 57 Alabama, 168; (2) To the second point *Huckvale* v. *Kendall*, 3 B. & Ald. 137; *Marion Machine Works* v. *Craig*, 18 West Virginia, 559, 565; *Baltimore & Ohio Railroad* v. *Christie*, 5 West Virginia, 325, 328; *McMilleon* v. *Dobbins*, 9 Leigh, 422; *Armstrong* v. *Barton*, 42 Mississippi, 506; *Porterfield* v. *Butler*, 47 Mississippi, 165, 170; *Garland* v. *Davis*, 4 How. 131; (3) To the third point, Freeman on Judgments, § 540.

No appearance for defendant in error.

MR. JUSTICE LAMAR delivered the opinion of the court.

In its original form, this was an action of assumpsit, brought in the court below, by the United States Express Company, alleged to have been organized under and by virtue of the laws of the State of New York, and a citizen of that State, against Heman B. Chapman, a citizen of Illinois, to recover the sum of $14,000, in money, alleged to have been entrusted to him for delivery to a certain company at La Salle, Illinois, and converted by him to his own use.

At the same term of the court in which the declaration was filed, Chapman answered, setting up two defences, viz.: (1) *non assumpsit;* and (2) *nul tiel* corporation. On the 8th of August, 1869, upon statutory affidavit filed on behalf of the company, a writ of attachment was issued, under which writ

the marshal of the district levied upon certain personal prop-
erty and effects of the plaintiff in error.

At the succeeding term of the court, upon motions made by
the company for that purpose, leave was given it to file an
amended declaration, and to change its action from assumpsit
to trover; and the plaintiff in error was ruled to plead to the
amended declaration within ten days after service of a copy
thereof upon his attorneys. In conformity with such order, at
the December Term, 1879, of the court, the plaintiff amended
the declaration so as to make it, in lieu of the original, read as
follows:

"Ashbel H. Barney, president of the United States Express
Company, a joint stock company organized under and by
virtue of a law of the State of New York, and which said
company is authorized by the laws of the State of New York
to maintain and bring suits, in the name of its president, for
or on account of any right of action accruing to said company,
and a citizen of the State of New York, the plaintiff in this
suit, by E. F. Bull and James W. Duncan, its attorneys, com-
plains of Heman B. Chapman, a citizen of the State of Illi-
nois," etc.

After the leave to amend the declaration was given, but
before the amended declaration was filed, the plaintiff in error
was convicted of perjury in the Circuit Court of La Salle
County, Illinois, and sentenced to imprisonment in the Joliet
Penitentiary, for the term of seven years, under which sen-
tence he was, on January 2, 1880, removed to said peniten-
tiary, and there imprisoned until October, 1884. Without any
proof of service of a copy of the amendment, or any order for
the default of the plaintiff in error for want of plea to the
amended declaration, and without any plea thereto having
been filed by him, the case was called for trial, and the record
shows the following proceedings to have been had:

"Said cause having been called for trial, plaintiff appeared,
and defendant and his attorney failing to appear, thereupon,
upon issue joined, comes a jury (naming them) who were
sworn well and truly to try said issue, and who, after hearing
the evidence, returned the following verdict: 'We, the jury,

find the issue for the plaintiff, and assess his damages at fourteen thousand dollars;'" and then follows judgment, on March 27, 1880, in usual form, on the verdict, for $14,000, and costs.

On the 8th of October, 1885, plaintiff in error filed in the court below his bond for the prosecution of a writ of error to reverse said judgment, and the same was duly approved by the Circuit Judge. The mittimus under the sentence above referred to, the certificate of the warden of the penetentiary, and the affidavit of plaintiff in error, were all filed in the case and made part of the record; and they show that plaintiff in error was imprisoned in the Joliet Penitentiary from January 2, 1880, to October 4, 1884; and another affidavit of the plaintiff in error, also filed in the case and made part of the record, shows that on his discharge from the penitentiary, October, 1884, he was at once arrested on a *capias ad satisfaciendum,* issued upon the judgment above mentioned, and from that time until the issue of the writ he had been imprisoned in the county jail of Cook County, Illinois, upon such *capias.* His case is thus brought within the provisions of § 1008 Rev. Stat., which provides that, in case a party entitled to a writ of error is imprisoned he may prosecute such writ within two years after judgment, exclusive of the term of such imprisonment.

The assignments of error relied upon are three in number, and are substantially as follows:

(1) The court erred in permitting a new sole plaintiff to be substituted for, and in the place of, the sole original plaintiff.

(2) The court erred in submitting to the jury the cause as it stood after the amendments aforesaid, as upon issue joined between said parties, in entering the verdict of the jury in said cause, and in rendering judgment thereon in favor of the defendant in error, when there was no issue joined between said parties.

(3) The court erred in proceeding to trial and entering a verdict and rendering judgment against plaintiff in error when he had no notice of the order giving leave to amend, or of such amendment, and had had no time or opportunity to plead to the amended declaration, nor any day in court to answer to, or defend against, the suit of the new plaintiff.

We do not think the first assignment of error well taken. Amendments are discretionary with the court below, and not reviewable by this court. *Mandeville* v. *Wilson*, 5 Cranch, 15; *Sheehy* v. *Mandeville*, 6 Cranch, 253; *Walden* v. *Craig*, 9 Wheat. 576; *Chirac* v. *Reinicker*, 11 Wheat. 280; *Wright* v. *Hollingsworth*, 1 Pet. 165; *United States* v. *Buford*, 3 Pet. 12; *Matheson* v. *Grant*, 2 How. 263; *Ex parte Bradstreet* 7 Pet. 634.

We think the second point for plaintiff in error is well taken. Where there has been an appearance and no plea, or where, on account of amendments and changes of pleadings, the declaration remains without an answer, the plaintiff may move for a judgment for the want of a plea, as upon *nil dicit*. But no such motion was made. Certainly a jury should not be called, and verdict entered where no issue is joined, unless for assessment of damages, merely. The court erred in rendering judgment thereon. In addition to the authorities cited by counsel for plaintiff in error, see *Hogan* v. *Ross*, 13 How. 173. We also think the third point well taken. The plaintiff was not entitled to judgment without conforming to the conditions imposed by the court in the very order giving leave to amend the declaration; and, under such circumstances, the court erred in rendering judgment against defendant.

But aside from all this, we are confronted with the question of jurisdiction, which, although not raised by either party in the court below or in this court, is presented by the record, and under repeated decisions of this court must be considered. *Sullivan* v. *Fulton Steamboat Co.*, 6 Wheat. 450; *Jackson* v. *Ashton*, 8 Pet. 148; *Grace* v. *American Central Ins. Co.*, 109 U. S. 278; *Continental Ins. Co.* v. *Rhoads*, 119 U. S. 237; *Cameron* v. *Hodges*, 127 U. S. 322, and authorities there cited. The ground upon which the jurisdiction of the Federal court is invoked is that of diverse citizenship of the parties. In *Robertson* v. *Cease*, 97 U. S. 646, 649, it was said that "where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively, and with equal distinct-

ness, in other parts of the record," citing *Railway Co.* v. *Ramsey,* 22 Wall. 322; *Briges* v. *Sperry,* 95 U. S. 401; and *Brown* v. *Keene,* 8 Pet. 112. See also *Menard* v. *Goggan,* 121 U. S. 253; *Halsted* v. *Buster,* 119 U. S. 341; *Everhart* v. *Huntsville College,* 120 U. S. 223.

On looking into the record we find no satisfactory showing as to the citizenship of the plaintiff. The allegation of the amended petition is, that the United States Express Company is a joint stock company organized under a law of the State of New York, and is a citizen of that State. But the express company cannot be a *citizen* of New York, within the meaning of the statutes regulating jurisdiction, unless it be a corporation. The allegation that the company was *organized* under the laws of New York is not an allegation that it is a corporation. In fact, the allegation is, that the company is *not* a corporation, but a joint-stock company — that is, a mere partnership. And, although it may be authorized by the laws of the State of New York to bring suit in the name of its president, that fact cannot give the company power, by that name, to sue in a Federal court.

The company may have been organized under the laws of the State of New York, and may be doing business in that State, and yet all the members of it may not be citizens of that State. The record does not show the citizenship of Barney or of any of the members of the company. They are not shown to be citizens of some State other than Illinois. *Grace* v. *American Central Ins., Co. supra,* and authorities there cited.

For these reasons we are of the opinion that the record does not show a case of which the Circuit Court could take jurisdiction. The judgment of that court must therefore be reversed at the costs, in this court, of the defendant in error. *Hancock* v. *Holbrook,* 112 U. S. 229; *Halsted* v. *Buster, supra; Menard* v. *Goggan, supra.*

*The judgment is reversed and the cause remanded, with directions to set aside the judgment, and for such further proceedings as may not be inconsistent with this opinion.*