SANITAS NUT FOOD CO., Limited, v. FORCE FOOD CO. et al.  SAME v. ELLSWORTH.  SAME v. THE H–O CO. et al.

(Circuit Court, W. D. New York.  December 13, 1902.)

Nos. 155, 156, and 157.

1. PARTNERSHIP ASSOCIATIONS—STATUTORY. RIGHT TO SUE IN ASSOCIATION NAME—FEDERAL COURTS.

A limited partnership association organized under the statutes of a state, which expressly give it a legal entity, with the right to sue and be sued in its association name, may maintain a suit in such name in a federal court for infringement of a patent, or in any case where jurisdiction does not depend on diversity of citizenship.

In Equity.  Suits for infringement of patent.  On demurrers to bills.

Orel L. Herschiser, for complainant.

Samuel G. Metcalf and Abel I. Smith, Jr. (Fred L. Chappell, of counsel), for defendants.

HAZEL, District Judge.  The complainant is a limited partnership association organized under and by virtue of the laws of Michigan. It brings this bill under that partnership name, averring infringement of a patent.  The Michigan statute in question (section 10, p. 210, No. 191, Pub. Acts 1877, and subsequent acts amendatory thereof), as construed by the highest courts of that state, confers upon a limited partnership the unquestioned right to sue and be sued in its association name.  Rouse v. Cycle Co., 111 Mich. 251, 69 N. W. 511, 38 L. R. A. 794; Staver & Abbott Mfg. Co. v. Blake, 111 Mich. 282, 69 N. W. 508, 38 L. R. A. 798; 15 Ency. of Pleading & Pr. 1114. I do not think there is anything uncertain or doubtful in the statement contained in the bill upon which the jurisdiction of the court depends.  The statute in unequivocal terms gives to a limited partnership association a legal entity, and as such it is authorized and empowered not only to hold property in its association name, but to sue and be sued under that designation.  In short, it is given all the attributes of a corporation by the statute of the state which created it. Moreover, this is not a case where the jurisdiction of the court rests upon diversity of citizenship.  Such jurisdiction vests in the court by reason of the alleged infringement by defendant of complainant's patent, and, as the right of complainant to sue in its association name is obtained directly from the statute creating it, I am of the opinion that it has a right to bring suit for infringement of patent in its limited

partnership name. The case of Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800, and other cases announcing a similar rule, do not cover the question here presented. Irrespective of the interpretation which the courts of the state of Michigan place upon their limited partnership statute, I incline to the view that where a right to sue and be sued by an arbitrary name exists by express statutory enactment the federal courts will take cognizance of the suit, where it is clear, as here, that no diversity of citizenship is required to confer jurisdiction. Evidence may be given upon the hearing that the patent No. 558,393 was assigned to complainant. The allegation that it was assigned to the Sanitas Nut Food Company, Limited, a corporation of the city of Battle Creek, and not to the partnership, may be rectified by proper evidence on the hearing.

The demurrer is overruled, with costs, defendant having leave to answer within 30 days.