### UNITED STATES v. SAUNDERS PETROLEUM CO., Inc.

No. 2150.

District Court, W. D. Missouri, W. D.

Nov. 5, 1947.

Thomas H. Donahue, Office of Temporary O.P.A. Control, of Washington, D. C., Dick F. Bennet, Dist. Enforcement Atty., of Kansas City, Mo., and Sam M. Wear, U. S. Atty., of Springfield, Mo., for plaintiff.

Lee Reeder, George L. Gisler, Herbert Jacob and Wentworth E. Griffin, all of Kansas City., Mo., for defendant.

REEVES, District Judge.

The defendant challenges the right of the court to permit the substitution of the United States as a party plaintiff. Such an order was made June 10, 1947. Prior to that time the action had been instituted and had proceeded in the names of various and sundry public officials designated as administrators or officers of temporary controls. It is contended by the defendant that, under the procedure outlined by Title 28 U.S.C.A. § 780, and Rule 25 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, such a substitution cannot be made save only on behalf of a successor to the officer or officers who institute or undertake to maintain the suit. Pertinent provisions of the statute and rule are as follows "Where, during the pendency of an action, suit, or other proceeding brought by * * * an officer of the United States, * * * such officer * * * resigns, or otherwise ceases to hold such office, it shall be competent for the court wherein the action, suit or proceeding is pending, * * * to permit the cause to be continued and maintained by * * * the successor in office of such officer, if within six months after his * * * separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved."

And, subparagraph (d) of the Rule: "(d) When an officer of the United States * * * is a party to an action and during its pendency * * * resigns, or otherwise ceases to hold office, the action may

be continued and maintained by \* \* \* his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it." It will be noted that the statute and the rule are substantially to the same effect. Both of them are procedural and neither is designed to affect the substantive right of the parties. Under such circumstances the court will look to the question of substantive right with respect to the matter of substitution, as in this case.

█ 1. It must be conceded that the officials who heretofore had been plaintiffs in the cause had no interest in the subject matter and were purely and exclusively nominal parties as the real party in interest was the United States Government. Any judgments recovered on behalf of the Administrator enured to the benefit of the government and the proceeds of such recovery were paid into the Treasury of the United States. This statement is reinforced by the language of the last sentence of paragraph (c), Section 925, Title 50 U.S.C. Appendix, as follows: "No costs shall be assessed against the Administrator or the United States Government in any proceeding under this Act."

It is obvious that for all intents and purposes the United States was the real party in interest from the beginning of the litigation.

█ 2. It is the rule followed by all courts that "where there is no change in the cause of action and the party substituted bears some relation of interest to the original party and to the action, the substitution may be allowed." 47 C.J. Section 294, p. 157.

In re Beaconsfield, 158 U.S. 303, loc. cit. 311, 312, 15 S.Ct. 860, 863, 39 L.Ed. 993, the court, in an admiralty case, said in relation to a substitution:

"The law upon this subject is nowhere better stated than in The Nied Elwin, 1 Dod. 50, cited and abstracted in The Oregon, in which Sir William Scott held that, in a case of prize, the substitution of the crown for the captors did not release the sureties, but that they could nct be held for a new cause of action \* \* \*."

"Even if this action had been at common law, it is not altogether certain that the amendment substituting the name of the real party in interest for a nominal party would not be good. Chapman v. Barney, 129 U.S. 677, 9 S.Ct. 426, [32 L.Ed. 800]."

In Ruling Case Law, Volume 20, p. 697, Section 35, the principle was announced as follows: "At common law it seems to be the rule that an entire change of plaintiffs is not allowable, and this because it is in effect a change of the cause of action. Under this rule, where the legal right of action is not in the plaintiff, an amendment to permit him to sue for the use of the person who has the legal right of action will be denied, unless authorized by statute. The reason for the rule indicates its qualification, and where there is no change in the cause of action, but the party substituted bears some relation of interest to the original party and to the suit, a substitution may be allowed. This is considered as not strictly the making of a new party, and so a person for whose benefit the suit was brought may be substituted for the original plaintiff, as may a trustee for his beneficiary. And when an action is brought by a person who has the beneficial interest in the subject matter, the person who has the legal right to sue may and should be substituted."

The question was presented to the Court of Appeals, Second Circuit, in New York Evening Post v. Chaloner, 2 Cir., 265 F. 204, loc. cit. 213, and the court said: "At common law an entire change of plaintiffs is not allowable, being in effect regarded as a change of the cause of action. \* \* \* The reason for the rule indicates its qualification, and where there is no change in the cause of action and the party substituted bears some relation of interest to the original party and to the suit the substitution is allowed. Thus a trustee may be substituted for his beneficiary."

The same rule applies in Missouri. The St. Louis Court of Appeals, in Eulinberg, v. Quick Payment Old Line Life Ins. Co., Mo.App., 261 S.W. 725, loc. cit. 726, said: "However, it is now the well-settled law in this state that the substitution of an entirely new party or parties plaintiff is permissible."

After citing a plentitude of authorities, the court then said: "To hold that the substitution of a new party, in the instant case, changes the cause of action would be inequitable and iniquitous."

It should be stated that in the Eulinberg case, after the plaintiff brought suit in her own name, it was discovered that the policy was made payable "to the executors or administrators of said insured upon receipt of proofs of death of said Robert Eulinberg." Thereupon the plaintiff procured an order of the probate court permitting her to sue for, and collect, for the reason that the estate was not sufficient for administrative purposes. Thereupon the "defendant filed a motion to strike the amended petition from the files, because the amended petition constituted a complete substitution of parties plaintiff."

It is unnecessary to pursue this discussion. Both upon reason and authority the government is entitled to proceed in its own name. Under the statute a substantial right and interest has accrued to the government and in that view there is necessarily "a substantial need for so continuing and maintaining the cause * * *." The motion to vacate the order of substitution should be and will be overruled.