**Myrtle Frances BROCKI, Plaintiff,**

v.

**AMERICAN EXPRESS COMPANY, a New York corporation, Defendant & Third-party Plaintiff,**

**Demery's, Inc., a New Jersey corporation, Third-party Defendant.**

**Civ. A. No. 12502.**

United States District Court
E. D. Michigan, S. D.

April 21, 1959.

Max M. Marston, Harold Helper, Detroit, Mich., for plaintiff.

John G. Garlinghouse and Richard C. Van Dusen of Dickinson, Wright, Davis, McKean ,& Cudlip, Detroit, Mich., for defendant, American Express Co.

Joseph H. Guttentag of McClintock, Fulton, Donovan & Waterman, Detroit, Mich., for defendant, Demery's, Inc.

THORNTON, District Judge.

Defendant American Express has filed a motion to dismiss for lack of jurisdiction. Plaintiff is a Michigan citizen. Defendant is an unincorporated joint stock association having more than 200 stockholder-members living in Michigan at the time this suit was commenced, according to the affidavit of a Senior Vice President and Secretary of American Express.

Plaintiff relies on M.S.A. 27.664, Comp.Laws 1948, § 612.12 and Van Sant v. American Express Co., 3 Cir., 1948, 169 F.2d 355, 370–372, as its mainstays. She also seems to derive surcease from the opinion of Judge McAllister, American Federation of Musicians v. Stein, 6 Cir., 1954, 213 F.2d 679, which cites Van Sant in an apparently favorable manner. The issue under consideration here is a narrow one—For purposes of diversity jurisdiction, what method is the proper one to be used in determining the citizenship of an unincorporated joint stock association? Defendant relies on a long line of cases commencing with Chapman v. Barney, 129 U.S. 677, 98 S.Ct. 426, 32 L.Ed. 800, and concluding with Swan v. First Church of Christ, Scientist, in Boston, 9 Cir., 1955, 225 F.2d 745. The Swan case makes reference to both the Van Sant case, supra, and the American Federation of Musicians case, supra. As to each, the Swan case contains a footnote

commentary which could not express the views of this Court in a more precise manner.

M.S.A. 27.664 deals with capacity to sue. It does not purport to confer federal jurisdiction. It is not applicable to the problem at hand since no question is raised concerning capacity. The Van Sant case is a bit confusing to this writer. The part that might have application is found at page 370–372 of 169 F.2d. We are convinced, however, that the Court's primary concern there had to do with capacity and that any observations as to jurisdiction are purely dicta and not determinative of any issue directly before that Court. The Court's attention there was directed toward a different question entirely, and the "distinction between suability and citizenship in this Constitutional sense may have been overlooked." Swan v. First Church of Christ, Scientist, in Boston, supra, 225 F.2d at page 748, footnote 3. The American Federation of Musicians case, supra, we are not able to accept as controlling the issue here. The Court's viewpoint there must be taken in the setting of that case which was a review of the propriety of a trial court's retention of jurisdiction for issuing a preliminary injunction to preserve the status quo until the trial court might go into the question there involved. It is expressed most aptly in the Swan case, supra, at page 747, footnote 2.

We believe there is no authority that would justify this Court in upsetting the well established rule as it is set forth in the Swan case, supra, (and by this Court in a prior case [1]) to the effect that the citizenship of its members determines the citizenship of an organization such as we have here for purposes of diversity jurisdiction. There being members who are Michigan citizens, and the plaintiff being a Michigan citizen, it follows that diversity jurisdiction is lacking.

An order may be presented accordingly.

1. Murphy v. Hotel & Restaurant Employees & Bartenders International Union, D.C. 1951, 102 F.Supp. 488.