**GEORGE H. DRAPER, III, INC. and Draper Brothers, Inc., Plaintiffs,**

v.

**CANNERS EXCHANGE SUBSCRIBERS AT WARNER INTER-INSURANCE BUREAU and Lansing B. Warner, Incorporated, Defendants.**

**Civ. A. No. 3565.**

United States District Court
D. Delaware.

Dec. 30, 1968.

---

Roger Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, Del., for plaintiffs.

William F. Taylor and Ben T. Castle, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendants.

## OPINION

LAYTON, District Judge.

Seeking to invoke the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332, plaintiffs brought this action to recover on a fire insurance policy. The plaintiffs are George Draper, III, Inc., and Draper Bros., Inc., a Delaware corporation, each having its principal place of business in Delaware. The plaintiffs are subscribers to a reciprocal insurance exchange, Canners Exchange Subscribers at Warner Inter-Insurance Bureau (hereinafter "Canners"), an unincorporated association of the State of Illinois, with its principal place of business in Illinois. The defendants are Canners, the insurer, and Canners' attorney-in-fact, Lansing B. Warner, Inc., (hereinafter "Warner"), an Illinois corporation with its principal place of business in Illinois. In lieu of filing an answer, the defendants filed a motion to dismiss pursuant to Rule 12(a), (b), F.R.Civ.P. Contemporaneous with the motion to dismiss, plaintiffs filed a motion to require the defendants to post a bond in accordance with the provisions of 18 Del.C. § 510(c) (1). These motions are now before the Court for decision.

Defendants' motion to dismiss the complaint against Canners is predicated on (1) plaintiffs' failure to allege diversity of citizenship and (2) the absence of diversity in fact.[1]

The contention that the complaint does not allege diversity, merely charges a technical defect, which, in the usual case, can be cured by an appropriate amendment. The real question, here, however, is whether there is diversity of citizenship in fact. Defendants argue that there is no diversity because an unincorporated association, such as Canners, is possessed with the citizenship of each of its subscribers for jurisdictional purposes. In this case, because plaintiffs are subscribers, defendants argue that Canners and plaintiffs have a common citizenship for the purposes of diversity jurisdiction. Plaintiffs' position is that Canners is so like a corporation that it should be treated as such for the purposes of diversity. There is a good deal of merit in plaintiffs' argument. Nonetheless, in United Steelworkers of America, AFL-CIO v. R. H. Bouligny, Inc., 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965), the Supreme Court reaffirmed the rule of Chapman v. Barney, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889), which established that the citizenship of unincorporated associations is the citizenship of each of its members. In reaffirming the rule, the Court did so reluctantly, noting the considerable dissatisfaction expressed by both courts and commentators with the rule. However, the Court concluded:

> "We are of the view that these arguments, however appealing, are addressed to an inappropriate forum, and that pleas for extension of the diversity jurisdiction to hitherto uncovered broad categories of litigants ought to be made to the Congress and not to the courts."

The fact that Canners is a reciprocal insurance association and that the unincorporated association in Steelworkers was a labor union is not, to my mind, suffi-

---

1. Defendants also predicated their motion on the contention that "diversity of citizenship jurisdiction does not exist in a suit brought by an insured directly against his or its alleged insurers." This ground was abandoned by the defendants.

cient to distinguish this case in result. Accordingly, defendants' motion to dismiss as against Canners is granted.

■ The motion as to Warner asks dismissal on the ground that the plaintiffs have not stated a claim against Warner.[2] As provided in the Federal Rules of Civil Procedure, the motion will be treated as a motion for summary judgment so that due consideration can be given to the matters outside of the pleadings, which the parties have presented. Rule 12(b), Rule 56, F.R.C.P.

The defendants correctly point out that the plaintiffs have brought suit to recover on an insurance policy, that the policy was issued by Canners, and that the plaintiffs have not charged Warner with any wrongdoing as Canners' attorney-in-fact. From these observations, the defendants conclude that no claim has been stated against Warner. In challenging defendants' conclusion, the plaintiffs do not directly take issue with defendants' observations; but instead, plaintiffs insist "that Canners Exchange and Warner are the same thing and both are liable to the plaintiffs under the insurance policy." The defendants characterize plaintiffs' argument as a petition to "ignore the Warner corporate veil", which defendants contend is not warranted by the record.

Whatever the merits of defendants' contention—whether tested by Delaware or Illinois standards—the parties have not joined issue on a possibly critical question raised by the record. Simply stated, were Warners' powers as attorney-in-fact so sweeping and unfettered that under the controlling[3] agency law it can be held liable on the policy?

In order to give the parties an opportunity to argue the question raised by the Court, the decision on defendants' motion will be reserved until the parties have filed briefs, the last of which is due on February 3, 1969.

Finally, because the plaintiffs' motion to require a bond is dependent on the existence of a viable law suit, the decision on this matter will have to await the decision on the motion for summary judgment.

---

2. In point of fact, defendants' motion asked the Court to dismiss for two reasons, (1) that the plaintiffs have not stated a claim against Warner and (2) that the complaint did not allege that the amount in controversy between plaintiffs and Warner exceeded $10,000. In their brief, defendants concede that if Warner can be held liable on the insurance policy, "the claim asserted against Warner meets the jurisdictional requirement." Thus, this second ground is mooted by the resolution of the first inasmuch as the plaintiffs have not charged Warner with liability except on the policy.

3. The parties are also invited to brief the conflict of laws issue.