James **MASSEY** and Sherrie Massey, Individually and As Next Friend of Heather and Nicole Massey

v.

**STATE FARM LLOYDS INSURANCE COMPANY.**

No. Civ.A. G–97–694.

United States District Court, S.D. Texas, Galveston Division.

Feb. 12, 1998.

Sean K. McPherson, Houston, TX, for Plaintiffs.

Kathleen Crouch, Nistico & Crouch, Houston, TX, Erik Brett Walker, Houston, TX, for Defendant.

### ORDER

KENT, District Judge.

Plaintiffs James and Sherrie Massey (the "Masseys") have brought suit against State Farm Lloyds Insurance Company ("State Farm Lloyds"), alleging various state law claims, including breach of contract. Plaintiffs' claims stem from State Farm Lloyds' alleged failure to honor Plaintiffs' homeowner insurance policy after Plaintiffs' home was burned in a fire. The action was originally brought in the 56th Judicial District Court of Galveston County. On December 11, 1997, State Farm Lloyds removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1332, on diversity grounds. Now before the Court is Plaintiffs' Motion to Remand, filed December 22, 1997. For the reasons stated below, the Motion is **DENIED.**

The Masseys move to remand on two bases. First, they allege that State Farm Lloyds' removal is untimely, in violation of 28 U.S.C. § 1446(b). That section provides that "notice of removal of a civil action ... shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action ... is based." 28 U.S.C. § 1446(b). The Masseys allege that State Farm Lloyds "received a copy of the initial pleading setting forth the claim for relief ... on or about July 28, 1997, by certified mail, return receipt requested." State Farm Lloyds filed its notice of removal on December 9, 1997.

A brief excursion into the facts reveals the fraudulence of the Masseys' allegations. The Masseys did indeed mail State Farm Lloyds a copy of their initial "pleading" in July of 1997. However, they did not actually *file* their pleading with a court of law until October 30, 1997. State Farm Lloyds received notice that the pleading had been filed on November 18, 1997, and filed notice of removal on December 9, just 21 days later.

■ The Plaintiffs' argument is frighteningly disingenuous, and frankly, moronic. To even attempt to assert that a defendant must remove a case within 30 days after being mailed a copy of a *proposed pleading, before a suit has even been filed,* is ludicrous on its face. From whence or to where would the defendant remove the case? Moreover, Plaintiffs' creative attempt to prevent removal is easily defeated by reference to the removal statute. Section 1441 clearly requires a case to be "brought in a State court" before it can be removed. 28 U.S.C. § 1441. Thus, if the action is not yet filed, the removal provisions, including those pertaining to the 30-day time limit to remove an action, are inapplicable. *See Burr v. Choice Hotels Intern., Inc.,* 848 F.Supp. 93, 95 n. 2 (S.D.Tex.1994) (noting that removal is only permitted when an action is actually filed).

Next, even if section 1446(b) were applicable, it specifically provides that the time period for removal begins after receipt of the initial pleading "upon which such action or proceeding is based." *See* 28 U.S.C. § 1446(b).[1] Until the state court action is filed, no action or proceeding yet exists. Thus, although courteous, the copy of plaintiffs' unfiled petition that Defendant received in July of 1997 had no legal relevance and was insufficient to trigger the limitations period of § 1446.

Finally, common sense reveals the innate stupidity of Plaintiffs' argument. If Plaintiffs' argument were correct, it would effectively prevent the removal of any case and defeat the purpose of the removal statutes. To avoid pesky removal attempts, a plaintiff could simply send the proposed defendant a

---

**1.** According to the Fifth Circuit, "[A] statute is the sole repository of congressional intent where the statute is clear and does not demand an

absurd result." *Free v. Abbott Lab. (In re Abbott Lab.),* 51 F.3d 524, 529 (5th Cir.1995) Here the statute is quite clear.

copy of the proposed pleadings, then wait 31 days to file the case. Such a result was clearly not intended by Congress. The Court finds, therefore, that Defendant's removal was timely.

The Masseys' next basis for remand is slightly more realistic, but equally asinine from a legal standpoint. They allege that this case must be remanded because there is not complete diversity between the parties, as required by 28 U.S.C. § 1332(a). State Farm Lloyds is a domestic "Lloyds Plan," an unincorporated association of members, as contemplated by Texas law. *See* TEX.INS. CODE ANN. art. 18.01, *et seq.* Plaintiffs allege that State Farm Lloyds has as its principal place of business an address in Dallas, Texas, and therefore it should be considered a Texas citizen. According to the Masseys, "[t]he citizenship of [Defendant's] individual underwriters is of no more consequence than the citizenship of the principals of any other company registered to do business in Texas."

■ The United States Supreme Court, the Fifth Circuit, and this Court utterly disagree with Plaintiffs' self-serving and flatly wrong recitation of the law regarding jurisdictional citizenship of unincorporated associations. In fact, the United States Supreme Court has consistently held for *over one hundred years* that the citizenship of an unincorporated association, like a partnership, is determined not by its principal place of business or place of organization, but solely by the citizenship of its members. *See, e.g., Carden v. Arkoma Assocs.,* 494 U.S. 185, 189, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *United Steelworkers v. R.H. Bouligny, Inc.,* 382 U.S. 145, 153, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Thomas v. Board of Trustees,* 195 U.S. 207, 217–18, 25 S.Ct. 24, 49 L.Ed. 160 (1904); *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 454, 20 S.Ct. 690, 44 L.Ed. 842 (1900); *Chapman v. Barney,* 129 U.S. 677, 682, 9 S.Ct. 426, 428, 32 L.Ed. 800 (1889). An unincorporated association, such as State Farm Lloyds, "is not a jural person for purposes of diversity jurisdiction, even when it has the capacity to sue or be sued in the association name." *Calagaz v. Calhoon,* 309 F.2d 248, 251–52 (5th Cir.1962).

In *Chapman,* the Supreme Court stated: "the [plaintiff] company cannot be a citizen of New York, within the meaning of the statutes regulating jurisdiction, unless it be a corporation.... The [plaintiff] company may have been organized under the laws of the state of New York, and may be doing business in that state, and yet all the members of it may not be citizens of that state." *Chapman,* 129 U.S. at 682, 9 S.Ct. at 428.

Fifth Circuit jurisprudence is equally clear that, for the purposes of federal jurisdiction, the citizenship of an unincorporated association depends upon the citizenship of its members. *See International Paper Co. v. Denkmann Assocs.,* 116 F.3d 134, 137 (5th Cir. 1997); *Royal Ins. Co. v. Quinn–L Capital Corp.* 3 F.3d 877, 882 (5th Cir.1993); *Hummel v. Townsend,* 883 F.2d 367, 369 (5th Cir.1989); *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1258 (5th Cir.1988); *Aetna Cas. & Sur. Co. v. Hillman,* 796 F.2d 770, 775 (5th Cir.1986); *Lowry v. International Brotherhood,* 259 F.2d 568, 570–71 (5th Cir.1958); *Hettenbaugh v. Airline Pilots Assoc. Int'l,* 189 F.2d 319, 320 (5th Cir.1951).

■ In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters. State Farm Lloyds has submitted the affidavit of Kristy Stapleton, Assistant Secretary of State Farm Lloyds, Inc., a Texas corporation. State Farm Lloyds, Inc. is the attorney-in-fact for State Farm Lloyds, the insurance company conducting business in Texas under the Lloyds plan. Stapleton's affidavit establishes that each and every underwriter of State Farm Lloyds is a resident of the state of Illinois. The Texas citizenship of State Farm Lloyds, Inc., as the attorney-in-fact for State Farm Lloyds, is irrelevant. The Fifth Circuit has held that, for purposes of determining whether diversity jurisdiction exists, the members of a Lloyds group are the underwriters alone. *Quinn–L,* 3 F.3d at 883. The attorney-in-fact acts only as an agent of the Lloyds group, and therefore is not considered for diversity citizenship purposes. *Id.* Because no member of State Farm Lloyds is a Texas resident, complete diversity exists between

the parties to this action,[2] and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332.[3]

Accordingly, for the reasons stated above, Plaintiffs' Motion to Remand is hereby **DENIED**.[4]

**IT IS SO ORDERED.**

---

**2.** All Plaintiffs are Texas citizens.

**3.** That the amount in controversy well exceeds $75,000 is undisputed.

**4.** Apparently finally comprehending that the citizenship of State Farm Lloyds is determined by the citizenship of its underwriters, Plaintiffs attempted to Supplement their Motion to Remand on January 7, asserting that one underwriter of State Farm Lloyds is a Texas resident. The Supplement was stricken from the record on January 9, and Plaintiffs withdrew the Motion for Leave to Supplement the Motion to Remand on January 15, on the basis that the Supplement was erroneous, making State Farm Lloyds' Response to the Motion for Leave to File the Supplement moot.

Unfortunately, Plaintiffs' actions in filing the Supplement are yet another example of the as-

tonishingly incompetent and borderline deceptive manner in which the claims have thus far been asserted. The Court will carefully scrutinize all further pleadings by Plaintiffs in this case. While vigorous advocacy is quite permissible, blatant misstatements of the law are not. Any further such occurrences will be met by harsh sanctions.