**Harry STARK, Plaintiff,**

v.

**ABEX CORPORATION, et al., Defendants.**

No. 05 C 6987.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 13, 2005.

Order denying acceptance of late filing Jan. 5, 2006.

Robert George McCoy, Jacqueline J. Herring, Cascino Vaughan Law Offices, Ltd., Chicago, IL, for Plaintiff.

## MEMORANDUM ORDER

SHADUR, Senior District Judge.

Harry Stark ("Stark") has just sued nearly 40 defendants, seeking to invoke federal jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte to address two problematic aspects of Stark's Complaint.

To begin with, although the Complaint attaches as its Exhibit A a list that purports to set out the state of incorporation and the principal place of business of each defendant (see 28 U.S. C. § 1332(c)(1)), that showing is flawed as to at least one of the defendants--indeed, a principal defendant. National Electrical Manufacturers' Association is, as its name suggests, a membership organization--and as such, the normal rule for diversity purposes is that its citizenship for purposes of 28 U.S.C. § 1332 is a function of the citizenship of *every* member. Although Stark's counsel may have been careful in selecting the other defendants so that none shares Stark's Illinois citizenship,[1] it would seem a virtual certainty that some of that Association's hundreds of members must be Illinois citizens. That would of course defeat the requirement of total diversity that has controlled for two centuries (see *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)), and that in turn would compel the dismissal of this action for lack of subject matter jurisdiction.

To shift to another subject, Complaint ¶ 4 states:

Plaintiff was occupationally exposed to welding fumes beginning in 1969 and continuing until 1980 at job sites within the state of Illinois

What obviously jumps off the page, given that allegation, is the question of how Stark can avoid dismissal on statute of limitations grounds.[2]

---

1. This Court cannot tell whether a few of the other defendants--Airco/The Boc Group, Handy & Harmon and Huntington Alloys-- may present problems as well (not all states' corporation statutes mandate, as does the Illinois statute, that every corporation's name must include an indicator of corporate status).

2. This court is aware that the other allegations in the Complaint speak of concealment by defendants, but it would appear that enough information was publicly available about the hazards of exposure to welding fumes that would have put the ordinary person--and most particularly a welder--on inquiry notice.

Accordingly Stark's counsel is ordered to file either an amendment to the Complaint or a brief memorandum addressing the two issues identified in this memorandum order on or before December 27, 2005. In the absence of such a filing, or if the filing does not satisfactorily treat with the first subject (the probable jurisdictional flaw), this Court would be constrained to dismiss both the Complaint and this action for lack of subject matter jurisdiction—without prejudice, of course, to the possible refiling of this action in a state court of competent jurisdiction.

## MEMORANDUM OPINION

Because federal courts are by definition courts of limited jurisdiction, empowered by Art. III, § 2 of the Constitution to act only to the extent authorized by Congress, nothing is more firmly fixed in federal jurisprudence than the principle succinctly set forth in the *Wis. Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986) and often reconfirmed by our Court of Appeals since then:

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

So when the random assignment system delivered this newly-filed action to this Court's calendar, it promptly issued a sua sponte memorandum order ("Order") on December 13, 2005, directing counsel for plaintiff Harry Stark ("Stark") to address the question posed by the inclusion of National Electrical Manufacturers Association ("Association") as one of the 40 defendants in a case that seeks to invoke diversity of citizenship as the federal jurisdictional predicate.

When the December 27, 2005 deadline that the Order had set for Stark's response came and went without anything forthcoming from counsel, this Court kept its word as promised at the end of the Order: It dismissed both the Complaint and this action for lack of subject matter jurisdiction. Now counsel has belatedly (on January 4, 2006) submitted three documents: a Motion for Acceptance of Late Filing of Response Due to Cause, a Response to Memorandum Order of December 13, 2005 and a Notice of Tag–Along Action.

Before this memorandum order turns to the patent inadequacy of those submissions in substantive terms, something must be said as to their other deficiencies, reflecting a level of carelessness on the part of Stark's counsel. Here briefly are those other flaws:

1. Stark's counsel has violated this District Court's L.R. 5.3(b), which requires every movant to accompany his or her motion with a notice of presentment specifying an early date and time when the motion is to be presented.

2. In part the motion says that the December 27 due date was not met "due to a long planned office closure beginning December 23, 2005 until January 3, 2006." But even so there was ample time, during the period available before that December 23 date, to file either the requested response or a simple motion for an extension of time. And if, as counsel adds, the first of those alternatives was not manageable because of a stated "medical emergency requiring surgery" on the part of "the attorney handling the case," Sullivan's Law Directory lists the Cascino Vaughan Law Offices[1] as

---

1. Counsel who has filed the current papers, an associate in that firm, lists it instead on

each signature page as "Vaughan Cascino Law Offices." If he hopes to make partner, it

comprising two partners and four associates—surely one of the other lawyers could have prepared a timely motion to extend, thus heading off the dismissal that had been forewarned by the December 13 Order.

3. Counsel's Notice of Tag–Along Action quotes MDL Rule 7.5(e) as an asserted basis for notifying this Court that the action is a potential "tag-along action" that may be subject to transfer to the District Court for the Northern District of Ohio, to which the MDL Panel had transferred welding rods product liability cases back in June 2003. But the quoted Rule deals with notices to be directed to the Clerk of the MDL Panel, not to a court such as this one, and it also provides for such notices to be given by any "counsel in actions previously transferred under Section 1407 or under consideration by the Panel" for such transfer. What is conspicuously absent from the current filing is any indication that Stark's lawyers fit that description.

But all of those matters pale in comparison to the clear nonresponsiveness on counsel's part as to the critical subject of subject matter jurisdiction.[2] All that counsel's Response says on that score is that the Association "is a trade association based in Virginia for purposes of diversity" and that the issue should be "remanded" (sic) to the MDL Panel for a decision on the subject of diversity.

■ As to the latter, the responsibility that is taught by *Wis. Knife Works* and like cases is nondelegable—this Court is duty-bound to address any potential defect in subject matter jurisdiction. And as to the substantive issue itself, the Supreme Court has spoken unequivocally in *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990):

Given what 180 years of cases have said and done, as opposed to what they might have said, it is difficult to understand how the dissent can characterize as "newly formulated" the "rule that the Court will, without analysis of the particular entity before it, count every member of an unincorporated association for purposes of diversity jurisdiction." *Post*, at 199.

In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," *Chapman v. Barney*, 129 U.S. 677, 681, 9 S.Ct. 426, 32 L.Ed. 800 (1889), "the several persons composing such association," *Great Southern Fire Proof Hotel Co v. Jones*, 177 U.S. at 456, 20 S.Ct. 690, 44 L.Ed. 842 (1900), "each of its members," *Bouligny*, 382 U.S. at 146, 86 S.Ct. 272.[3]

In turn our Court of Appeals has repeatedly made in plain that *Carden* leaves no doubt as to the universality of that propo-

---

would seem wise to avoid repeating that error in revising the agreed-upon ranking of the two name partners.

**2.** Nothing further need be said here on the subject of the statute of limitations, to which the Order adverted only briefly in passing (a single short paragraph plus an even shorter footnote), but as to which nearly all of counsel's current response is devoted. That subject would enter the picture only if Stark

could surmount the threshold jurisdictional hurdle, as he has not.

**3.** [Footnote by this Court.] Each of those cited cases involved a different kind of unincorporated entity—and the last of them, *United Steelworkers of America v. R. H. Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965) specifically applied the stated rule to an unincorporated association.

sition—see, e.g., such cases as *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998)(referring to "a principle that members of associations are citizens for diversity purposes unless Congress provides otherwise (as it has with respect to corporations, 28 U.S.C. § 1332(c)(1)")); *Indiana Gas Co. v. Home Ins. Co.,* 141 F.3d 314, 316 (7th Cir.1998) ("unincorporated business entities, however, are treated as citizens of every jurisdiction in which any equity investor or member is a citizens. . . . Membership associations such as labor unions, joint stock companies, and joint ventures take the citizenship of each member"); and *Meyerson v. Harrah's E. Chicago Casino,* 299 F.3d 616, 617 (per curiam) ("the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be").

■ *Indiana Gas* applied the identical principle (as this Court had earlier done in *Certain Underwriters at Lloyd's, London,* No. 96 C 3628, 1996 WL 377081 (N.D.Ill. June 27, 1996)) to Underwriters at Lloyd's, London, and a trade association such as the Association here stands on no different footing.[4] In short, Stark's counsel has still failed to meet the burden of demonstrating the required total diversity of citizenship (unsurprisingly, given the obvious unlikelihood that no manufacturer that is either incorporated or has its principal place of business in Illinois is an Association member). Hence Stark's current motion is denied, and this action remains dismissed for lack of subject matter jurisdiction.

---

**4.** In *Westinghouse Elec. Corp. v. Kerr–McGee Corp.,* 580 F.2d 1311, 1318–19 (7th Cir.1978) our Court of Appeals found it unnecessary to resolve the somewhat related question whether a law firm that represents a large unincorporated trade association should be treated as numbering each member of the association among its clients—a question that had been answered in the affirmative by the few district courts that had considered it.