**TRAFIGURA AG, Plaintiff,**

v.

**ENTERPRISE PRODUCTS OPERATING LLC, Defendant.**

**Civil Action No. H–13–2712.**

United States District Court, S.D. Texas, Houston Division.

Jan. 21, 2014.

Kenneth E. Broughton, Jr., Francisco Rivero, Arturo Munoz Holguin, Reed Smith LLP, Houston, TX, for Plaintiff, Trafigura AG.

James R. Leahy, Derrick B. Carson, Christopher A. Verducci, Locke Lord LLP, Houston, TX, for Defendant, Enterprise Products Operating LLC.

## ORDER

DAVID HITTNER, District Judge.

Pending before the Court are Defendant Enterprise Products Operating LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant Enterprise Products Operating LLC's Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction. On January 13, 2014, the Court conducted a hearing and heard arguments from all parties related to Defendant's motions to dismiss. Having considered the arguments in open court of counsel, motions, submissions, and applicable law, the Court determines that the motions should be granted.

## I. BACKGROUND

This declaratory judgment action arises from the alleged breach of an indemnification agreement between Plaintiff Trafigura AG ("Trafigura") and Defendant Enterprise Products Operating LLC ("Enterprise"). Trafigura alleges that it has been made a party to an ongoing arbitration by a third-party vessel owner, Partrederiet Clipper Sirius (the "Owner"), in which the Owner is asserting claims based on allegations that certain cargo provided by Enterprise and shipped by Trafigura was contaminated prior to transit, resulting in

damages to the Owner's vessel. The cargo was sold by Enterprise to Trafigura under an agreement that contained an indemnification provision, wherein Enterprise allegedly promised to indemnify and hold Trafigura harmless for any costs incurred by Trafigura in the enforcement of its rights under the agreement. Trafigura contends that it has repeatedly sought indemnification from Enterprise and that Enterprise has denied any obligation to defend or indemnify Trafigura against claims made by the Owner.

On September 13, 2013, Trafigura commenced the present action in this Court, seeking a declaratory judgment that: (1) Trafigura is entitled to indemnification from Enterprise; and (2) Enterprise is in breach of its contractual obligations for refusing to defend and indemnify Trafigura. On October 4, 2013, Trafigura filed its first amended complaint. The amended complaint states that this Court is vested with diversity jurisdiction pursuant to 28 U.S.C. § 1332. The jurisdictional facts pleaded by Trafigura establish that Trafigura is a company incorporated in Switzerland and Enterprise is a Texas limited liability company with its principal place of business in Houston, Texas. Enterprise has two members—Enterprise Products OLPGP, Inc. ("EPO") and Enterprise

Products Partners, L.P. (NYSE: EPD) ("EPD"). EPD is a master limited partnership ("MLP"),[1] with nearly one billion common units outstanding, owned in part, according to Enterprise, by at least twelve different common unit owners residing in various foreign states, including Canada, Australia, South Africa, and Israel.[2]

Enterprise now moves to dismiss this case for lack of subject matter jurisdiction on the grounds that complete diversity is lacking.[3] Enterprise argues that Trafigura has failed to properly allege a basis for complete diversity because it did not allege the citizenship of each of Enterprise's members and cannot establish that neither member of Enterprise is a citizen of a foreign state, like Trafigura, because EPD is owned, in part, by citizens of foreign states. Trafigura claims that it has pleaded sufficient jurisdictional facts and opposes dismissal.

## II. STANDARD OF REVIEW

 Federal district courts possess original jurisdiction over any civil action where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all

1. A master limited partnership is a limited partnership ("LP") whose interests, called "common units," are publicly traded. *Hite Hedge LP v. El Paso Corp.*, No. 7117VCG, 2012 WL 4788658, at *1 (Del.Ch. Oct. 9, 2012). MLPs are similar to traditional limited partnerships in that they have limited partners, known as unitholders, who provide capital, and a general partner who manages the partnership's affairs. *Id.* MLPs differ, however, from traditional LPs in that MLPs are publicly traded. *Id.* Federal law limits MLP status to entities engaged in predominantly the "exploration, development, mining or production, processing, refining, [or] transportation ... of any mineral or natural resource," such as petroleum and natural gas. I.R.C. § 7704(d)(1)(E). The key benefit of an MLP

to its investors is its classification as a partnership for federal taxation purposes, which allows for "pass-through" tax treatment on income. *See Hite Hedge LP*, 2012 WL 4788658, at *2.

2. *Enterprise Products Operating LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction*, Exhibit A (*Declaration of W. Randall Fowler*).

3. There are currently two pending motions to dismiss for lack of subject matter jurisdiction. Enterprise filed the first motion in response to the original complaint and the second motion in response to the amended complaint. The second motion to dismiss adopts, in full, the arguments enunciated in the first motion.

defendants, such that no plaintiff can be from the same state as any defendant. *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)). This rule applies even if the suit involves citizens of foreign states. *Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.,* 506 F.2d 757, 757–58 (5th Cir.1975). For diversity purposes, the citizenship of a corporation is measured by the state in which it is incorporated and the state of its principle place of business, which is the state in which the corporation's nerve center is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend,* 559 U.S. 77, 80–81, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). Unlike corporations, the citizenship of a limited liability company ("LLC") or a partnership is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079–80 (5th Cir.2008).

■■■ Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court. FED.R.CIV.P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001) (per curiam). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.*

## III. LAW & ANALYSIS

The issue before this Court is whether the citizenship of a master limited partnership, an unincorporated entity, is determined by the citizenship of each of its constituent members, or, like a corporation, by its state of organization and the state in which its principal place of business is located. Enterprise argues that the citizenship of all unincorporated entities, including master limited partnerships, is determined by the citizenship of each of its underlying members, regardless of the entity's state of organization or its principal place of business. Trafigura contends that because a master limited partnership is publicly traded it is more like a corporation than a partnership, and it should therefore get corporate treatment for jurisdictional purposes, such that its citizenship is determined solely by reference to its state of incorporation and principle place of business.

### A. Determining the Citizenship of Master Limited Partnerships

■■■ The question of whether an MLP should be given jurisdictional citizenship tantamount to a corporation is an issue that has not yet been directly addressed by the Fifth Circuit. However, Supreme Court jurisprudence has firmly established the general rule of law, germane to this case, that the citizenship of all unincorporated entities is determined by the citizenship of the entity's individual members. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 189–90, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (citing *United Steelworkers of Am. v. R.H. Bouligny, Inc.,* 382 U.S. 145, 151, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Great S. Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 456–57, 20 S.Ct. 690, 44 L.Ed. 842 (1900); *Chapman v. Barney,* 129 U.S. 677, 682, 9 S.Ct. 426, 32 L.Ed. 800 (1889)). In *Carden v. Arkoma Associates,* the Supreme Court considered, in a suit

brought by a limited partnership, whether the citizenship of the limited partners must be considered when determining diversity of citizenship among the parties. *Id.* at 186, 110 S.Ct. 1015. Reviewing its historical treatment of unincorporated entities, the Court explained that "[w]hile the rule regarding the treatment of corporations as 'citizens' has become firmly established, we have ... just as firmly resisted extending that treatment to other entities," including limited partnerships. *Id.* at 189, 110 S.Ct. 1015. Referring to this "doctrinal wall," the Court held that "[t]here could be no doubt" that all common law entities, and likely all entities beyond one narrow exception identified below, must be treated as unincorporated entities for purposes of determining their citizenship. *Id.* at 190, 110 S.Ct. 1015. That is, only incorporated groups are treated as legal persons and all other entities are citizens of the various states of their constituent members. *Id.*

Only once has the Supreme Court recognized an exception to this general rule. In *Puerto Rico v. Russell & Co.*, the Supreme Court held that an entity known as a *sociedad en comandita*, created under the civil law of Puerto Rico, was a citizen of Puerto Rico for purposes of determining diversity jurisdiction. *Puerto Rico v. Russell & Co.*, 288 U.S. 476, 482, 53 S.Ct. 447, 77 L.Ed. 903 (1933). The Court reasoned that the *sociedad*'s juridical "personality is so complete in contemplation of the law of Puerto Rico [there is] no adequate reason for holding that the *sociedad* has a different status for purposes of federal jurisdiction than a corporation organized under that law." *Id.* (emphasis added).

Enterprise urges this Court to apply *Carden* as a rigid, bright-line rule. Trafigura, on the contrary, points to the single exception recognized by *Russell* and argues that, by analogy, the principles and policies that underlie diversity of citizenship strongly weigh in favor of holding that

an MLP is a legal person subject to the same citizenship scrutiny as corporations. Because EPD itself has nearly one billion common units outstanding, Trafigura argues, EPD, and by extension practically any MLP in general, must be considered more than the sum of its parts, as the sum of its parts are thousands of individual investors regularly entering and exiting the partnership, most with little participation in the management or operations of the business. Trafigura further argues that fundamental fairness dictates its interpretation of *Carden*—because MLPs often have unitholders in many, if not all states, as well as numerous foreign countries, measuring an MLP's citizenship based on its individual unitholders would practically divest all MLPs of diversity jurisdiction. In short, Trafigura asserts that an MLP is not a real partnership and should not be treated as such.

■ Similar arguments to those now raised by Trafigura were considered and rejected by the Supreme Court in *Carden*. The Court noted that while the language of *Russell* might be read to "reflec[t] the Supreme Court's willingness to look beyond the incorporated/unincorporated dichotomy and to study the [entity's] internal organization," this argument had been specifically rejected in prior Supreme Court decisions, and the Supreme Court in *Carden* was flatly unwilling to depart from that jurisprudential consistency. *Carden,* 494 U.S. at 190, 110 S.Ct. 1015 (first alteration in original) (citing *R.H. Bouligny, Inc.*, 382 U.S. at 151, 86 S.Ct. 272). As to Trafigura's fundamental fairness argument, the Supreme Court acknowledged that the law in this area "can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization." *Id.* at 196, 110 S.Ct. 1015. Nevertheless, despite the

practical similarities between certain types of unincorporated entities and corporations, as well as concerns with basic fairness and substance over form, the Supreme Court identified Congress as the appropriate source, rather than the courts, for aligning the law on federal diversity jurisdiction with the changing realities of commercial organizations. *Id.* at 196–97, 110 S.Ct. 1015 ("We have long since decided that, having established special treatment for corporations, we will leave the rest to Congress; we adhere to that decision."). The Supreme Court thus having plainly declined to extend the *Russell* exception beyond the specific circumstances identified in that case, this Court will adhere to the bright-line rule announced, most recently, in *Carden* and urged by Enterprise: The citizenship of all unincorporated entities, including master limited partnerships, is determined by the citizenship of each of its underlying members, not by its state of organization and the state in which its principal place of business is located.

### B. Whether Trafigura Has Met Its Burden

■ Having resolved the issue of determining an MLP's citizenship, this Court next turns to the amended complaint to determine whether the jurisdictional facts are sufficiently pleaded to establish federal diversity jurisdiction. Because Trafigura seeks to establish federal jurisdiction, it has the burden to "distinctly and affirmatively allege[ ] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir.2001) (alteration in original) (internal quotation marks omitted).

■ The extent of the first amended complaint's jurisdictional allegations are that Trafigura is incorporated in Switzerland, Enterprise is a Texas limited liability company with its principal place of business in Houston, and the amount in controversy exceeds the sum of $75,000. Because Enterprise is an LLC, its citizenship is determined by the citizenship of its individual members. *Harvey*, 542 F.3d at 1079–80. However, the first amended complaint does not identify the citizenship of either of Enterprises' two members— EPO and EPD. That omission alone warrants dismissal of this case. Moreover, repleading could not remedy this deficiency.[4] EPD is an MLP with multiple foreign unitholders. Given that EPD's citizenship, as an MLP, is based on the citizenship of its various unitholders (as discussed above), there are aliens on both sides of this litigation, and complete diversity is, as a consequence, lacking. *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1298 (5th Cir.1985) (per curiam). Because, as the Court has explained, diversity jurisdiction is not proper here, and no other basis for federal jurisdiction exists, the Court lacks subject matter jurisdiction and this case must be dismissed.

### IV. CONCLUSION

Based on all of the foregoing, the Court hereby

**ORDERS** that Defendant Enterprise Products Operating LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant Enterprise Products Operating LLC's Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction are **GRANTED.**

---

4. Before granting a motion to dismiss, district courts within the Fifth Circuit generally give plaintiffs at least one opportunity to amend a complaint unless it is clear that an opportunity to cure would be futile. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002).

Plaintiff's case is hereby **DISMISSED** without prejudice.