# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 03-2514/2850

_____

| | | |
|---|---|---|
| GMAC Commercial Credit LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| GMAC Commercial Finance LLC, | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Dillard Department Stores, Inc., | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Dillard's, Inc., | * | |
| | * | |
| Defendant/Appellee. | * | |

_____

Submitted: October 24, 2003
Filed: February 6, 2004

_____

Before RILEY, BOWMAN, and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Invoking federal diversity jurisdiction, GMAC Commercial Credit LLC (GMAC), a New York limited liability company (LLC) with its principal place of

business in New York, brought a breach of contract action against Dillard's, Inc. (Dillard's), a Delaware corporation with its principal place of business in Arkansas. Following entry of partial summary judgment for Dillard's, and a jury verdict for Dillard's, the district court entered judgment for Dillard's. The district court also awarded Dillard's costs and attorney fees as permitted under Arkansas law. GMAC appealed on grounds unrelated to the issue we address today.

After obtaining new counsel, GMAC moved to vacate the district court's judgment and attorney fees award, claiming diversity of citizenship does not exist and the federal court lacks subject matter jurisdiction. Any party or the court may, at any time, raise the issue of subject matter jurisdiction. S.D. Farm Bureau, Inc. v. Hazeltine, 340 F.3d 583, 591 (8th Cir. 2003); see also Chapman v. Barney, 129 U.S. 677, 681 (1889). Dillard's resists GMAC's motion, arguing the federal court has jurisdiction. Alternatively, Dillard's requests attorney fees for GMAC's failure to raise the jurisdictional issue earlier. Because we conclude GMAC's citizenship as an LLC is defined by the citizenship of its members, we remand these cases to the district court for further proceedings to determine (1) the parties' citizenship, and (2) whether diversity exists.

## I.    DISCUSSION

### A.    Jurisdiction

The citizenship of an LLC for purposes of diversity jurisdiction is an issue of first impression in our circuit. Congress limits a federal district court's diversity jurisdiction to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1) (2000). Generally, a district court's "diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of 'all the members.'" Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) (quoting Chapman, 129 U.S. at 682). The only exception to this rule is a corporation's citizenship, which is (1) the state of

incorporation, and (2) the state where the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1).

The corporation exception coincides with the common law's tradition of treating only incorporated groups as legal persons and accounting for all other groups as partnerships. Puerto Rico v. Russell & Co., 288 U.S. 476, 480 (1933). The Supreme Court has repeatedly resisted extending the corporation exception to other entities. See, e.g., Carden, 494 U.S. at 186, 189, 195-96 (declining to extend the corporation exception to a limited partnership); United Steelworkers of Am. v. R.H. Bouligny, Inc., 382 U.S. 145, 146-47, 153 (1965) (declining to extend the corporation exception to an unincorporated labor union); Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 456-57 (1900) (declining to extend the corporation exception to a limited partnership association); Chapman, 129 U.S. at 682 (declining to extend the corporation exception to a joint-stock company).

We recognize numerous similarities exist between a corporation and an LLC, but Congress is the appropriate forum to consider and, if it desires, to apply the same "citizenship" rule for LLCs as corporations for diversity jurisdiction purposes. This issue appears resolved by Justice Antonin Scalia's analysis in Carden:

> [T]he course we take today does not so much disregard the policy of accommodating our diversity jurisdiction to the changing realities of commercial organization, as it honors the more important policy of leaving that to the people's elected representatives. Such accommodation is not only performed more legitimately by Congress than by courts, but it is performed more intelligently by legislation than by interpretation of the statutory word "citizen." . . . We have long since decided that, having established special treatment for corporations, we will leave the rest to Congress; we adhere to that decision.

Carden, 494 U.S. at 197; see Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) (concluding that, because an LLC resembled a limited partnership and

"members of associations are citizens for diversity purposes unless Congress provides otherwise," an LLC's citizenship "for purposes of diversity jurisdiction is the citizenship of its members"). We dutifully adhere to the same principle.

Holding an LLC's citizenship is that of its members for diversity jurisdiction purposes, we are unable, from this record, to determine the citizenship of GMAC's members. We remand these cases to the district court for discovery and a hearing to ascertain whether any of GMAC's members are citizens of Arkansas or Delaware.

### B.    Attorney Fees

Dillard's contends this court should award it attorney fees because GMAC did not raise the issue of jurisdiction until this appeal. We decline to address this issue and leave the decision regarding attorney fees to the district court.

## II.    CONCLUSION

For the foregoing reasons, we remand these cases to the district court for jurisdictional discovery and a hearing, and for a ruling on Dillard's request for attorney fees.

_____