**WILLIAMS FARM PARTNERSHIP, LLC, Plaintiff,**

**v.**

**SIEGERS SEED COMPANY, Jack Shaw, Edward May, and Del Sol Seed Co., Defendants.**

**C.A. No. 2:09–0405–PMD.**

United States District Court, D. South Carolina, Charleston Division.

July 6, 2009.

Mark David Ball, Hampton, SC, for Plaintiff.

Derk Bleckman Kekkert Van Raalte, IV, J. Brady Hair, J. Brady Hair Law Office, N. Charleston, SC, Larry D. Simpson, Robert King High, Jr., Judkins Simpson and High, Tallahassee, FL, for Defendants.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the Court on Plaintiff's Motion to Remand. For the reasons set forth herein, Plaintiff's Motion is denied.

## BACKGROUND

This is a case about the proverbial "bad seed." The Williams family, all of whom reside in South Carolina, own and operate a commercial farming operation under the guise of several business organizations. The first of these, Williams Farms Partnership, is a South Carolina partnership which was formed for the purpose of buying farmland. The second of these organizations, Williams Farms, LLC, is a limited liability company formed under Florida law for the purposes of running the Williams family's farming operations. There is, in actuality, no such organization as the named Plaintiff in this matter, "Williams Farm Partnership, LLC."

In the spring of 2007, Jimmy Williams contacted Defendant Siegers Seed Company, which is a company with Michigan citizenship for diversity purposes, through its salesman Defendant Jack Shaw, who is a resident of Florida. Williams ordered a substantial quantity of "Jolly Elf" grape tomato seeds. The seeds in question were developed by Defendant Del Sol Seed Co., which is a company with Nevada citizenship for diversity purposes, and were sold to Siegers by Defendant Edward May, a representative of Del Sol who is a resident of Nevada.

When the seeds in question arrived, were planted, and began to bear fruit, Plaintiff alleges that, instead of bearing grape tomatoes, the plants bore an unrecognizable large pinkish fruit which was virtually unsellable. Shortly thereafter, Plaintiff filed suit in the Colleton County Court of Common Pleas, alleging numerous state law causes of action.

On February 18, 2009, Defendants Siegers and Shaw removed this matter to this Court, alleging that there was complete diversity between the parties. On March 20, Plaintiff filed a Motion to Remand this matter back to state court. Defendants filed a Response in Opposition on April 7, to which Plaintiff filed a Reply on April 17.

## STANDARD OF REVIEW

The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (4th Cir.2004) (citing *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994)). The Court is obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Id.* Section 1447(c) of the United States Code provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Dixon,* 369 F.3d at 816.

Section 1441 of Title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In this case, Defendant alleges that removal was proper because the district court had original jurisdiction to hear Plaintiff's case under 28 U.S.C. § 1332. Under that statutory provision, federal district courts have original jurisdiction over a case if the case involves citizens of different states and the amount in controversy exceeds $75,000, ex-

clusive of interest and costs. The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant. *See Athena Automotive, Inc. v. DiGregorio,* 166 F.3d 288, 290 (4th Cir.1999).

## ANALYSIS

■ The disagreement in this case stems largely from what Plaintiff asserts was a scrivener's error in the original caption in the case. Since there is no entity going by the name Williams Farm Partnership, LLC, Defendants assert that that entity may not be the plaintiff in a valid suit, and therefore for citizenship purposes, this Court should look to the citizenship of the individuals who purport to make up such an organization. In this case, those individuals are the Williams family, all of whom are citizens of South Carolina. However, Plaintiff asserts that since this is simply a scrivener's error, the Court should use its discretion under Federal Rule of Civil Procedure 60(a) to correct the error and substitute Williams Farms, LLC, as the correct party to the action. Since Williams Farms, LLC, was incorporated in Florida, and Defendant Shaw is also a citizen of Florida, Plaintiff asserts that this would defeat complete diversity and make state court the appropriate venue for this matter.

Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

. However, under Fourth Circuit law, "[a] limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise. It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." *Gen. Tech. Apps., Inc. v. Exro Ltda,* 388 F.3d

114, 121 (4th Cir.2004) (citing *GMAC Comm. Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004) (in turn quoting *Carden v. Arkoma Assocs.,* 494 U.S. 185, 197, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990))). The Eleventh Circuit has similarly held that "[t]he federal appellate courts that have answered this question have all answered it in the same way: like a limited partnership, a limited liability company is a citizen of any state which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC,* 374 F.3d 1020, 1022 (11th Cir.2004).

The Court first notes that since the title given in the caption as filed could be interpreted as either Williams Farms LLC or Williams Farms Partnership, it would give Plaintiff an impermissible *post hoc* opportunity to avoid federal jurisdiction to allow it to specify at this stage of litigation the actual name of the party bringing the action.

However, whether this Court would construe the actual plaintiff in interest in this matter to be Williams Farms LLC or Williams Farms Partnership is irrelevant. As the Fourth and Eleventh Circuits have both stated, both a partnership and an LLC are *not* entitled to the same protections as corporations, including the protection of only being subject to suit in state court in a state in which you are either incorporated or make your principal place of business. Instead, for both partnerships and LLCs, citizenship for diversity purposes is to be determined by the citizenship of the individual members. Here, the evidence in the record shows that all members of the Williams family who make up the membership of both Williams Farms LLC and Williams Farms Partnership reside in South Carolina. Therefore, for the purposes of determining diversity, the citizenship of the Plaintiff(s) is South

Carolina. None of the four Defendants are citizens of South Carolina for diversity purposes. Accordingly, the parties are completely diverse under § 1332, and this Court has jurisdiction to hear these claims.

### CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Plaintiff's Motion to Remand to the Colleton County Court of Common Pleas be **DENIED.**

**AND IT IS SO ORDERED.**