FAIRFIELD CASTINGS,
LLC, Plaintiff,

v.

George and Kay HOFMEISTER,
Defendants.

No. 4:15–cv–00059.

United States District Court,
S.D. Iowa,
Central Division.

Signed July 2, 2015.

Paul David Burns, Bradley & Riley PC, Matthew J. Hayek, Hayek Brown More- land & Smith LLP, Iowa City, IA, for Plaintiff.

Robert G. Schlegel, Lamping Schlegel & Salazar, Washington, IA, Sheldon S. Toll, Law Office of Sheldon S. Toll PLLC, Southfield, MI, for Defendants.

## ORDER

ROBERT W. PRATT, District Judge.

Before the Court is a Motion to Remand pursuant to 28 U.S.C. § 1447 ("Motion"), filed by Plaintiff Fairfield Castings, LLC ("Fairfield") on March 13, 2015. Clerk's No. 8. Defendants George and Kay Hofmeister ("Defendants" or "Hofmeisters") filed a resistance to the Motion on March 30, 2015. Clerk's No. 11. Fairfield replied on April 7, 2015. Clerk's No. 15. The matter is fully submitted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Fairfield is a Delaware limited liability company with its principal place of business in Iowa. Clerk's No. 1 at 6 (Compl.). Fairfield has one member, Spara, LLC ("Spara"), also a Delaware limited liability company. Clerk's Nos. 16 at 1, 11–1 at 2. Spara, in turn, has one member, Ascalon Enterprises, LLC ("Ascalon"), also a Delaware limited liability company. Clerk's Nos. 16 at 1, 11–1 at 1–2. Ascalon's members include three trusts ("Trusts"): (1) the Jamie S. Hofmeister Irrevocable Trust; (2) the Scott R. Hofmeister Irrevocable Trust; and (3) the Megan G. Hofmeister Irrevocable Trust. Clerk's No. 16 at 1. Homer M. McClarty ("McClarty"), a licensed Michigan attorney and member of the panel of Bankruptcy Trustees in the United State Bankruptcy Court for the Eastern District of Michigan, is the appointed and acting trustee for the Trusts. Clerk's No. 11–1 at 1. The Trusts are governed by the laws of the state of

Indiana. *Id.* Defendants are citizens of the state of Kentucky. *Id.* at 2. At all times relevant to this lawsuit, George Hofmeister ("George") was the chairman of both Spara and Fairfield.[1] Clerk's No. 1 at 7.

On December 22, 2014, Fairfield filed a Petition at Law and Equity, naming the Hofmeisters as Defendants, in Jefferson County, Iowa District Court. Clerk's No. 1 at 6. Fairfield made claims of conversion, fraud, ongoing criminal conduct, and breach of fiduciary duty based on allegations that George, in his role as chairman of Fairfield, wrongfully arranged for Kay Hofmeister ("Kay"), his wife, to be classified as a Fairfield employee and receive a salary from the company. *Id.* at 7. Although Kay had no involvement with Fairfield's operation, she was allegedly paid approximately $350,000 in salary between May and December 2012. *Id.* On February 24, 2015, the Hofmeisters filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1446(a), based on the alleged existence of diversity jurisdiction. *See id.* at 1. The Hofmeisters promptly followed with a Motion to Dismiss on February 27, 2015. *See* Clerk's No. 4. Fairfield filed this Motion to Remand on March 13, 2015, on the basis that this Court lacked subject matter jurisdiction because there is not complete diversity of citizenship between the parties. *See* Clerk's No. 8. For the reasons discussed below, the Court concludes that remand is appropriate, and, therefore, does not address the Motion to Dismiss.

1. In December 2012, Spara entered Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware. Clerk's No. 1 at 7. In January 2013, the bankruptcy court appointed a chief restructuring officer and restructuring committee to oversee Spara's operations, including the operations

## II. LAW AND ANALYSIS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Relevant here, this Court has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332. "[The removing party] bears the burden of establishing that the district court had original jurisdiction by a preponderance of the evidence. All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Knudson v. Sys. Painters, Inc.,* 634 F.3d 968, 975 (8th Cir.2011) (internal citation and quotation omitted). "It is axiomatic the court's jurisdiction is measured ... at the time of removal." *Schubert v. Auto-Owners Ins. Co.,* 649 F.3d 817, 822 (8th Cir.2011). An order remanding the case back to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," and "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(c), (d).

### A. *Diversity Jurisdiction*

Fairfield contends that Defendants have not proven by a preponderance of the

of Fairfield. *Id.* George's authority to manage and conduct business on behalf of Fairfield was removed in February 2013. *Id.* On March 23, 2015, the bankruptcy court confirmed a Plan of Reorganization for Spara and other debtors involved in the bankruptcy action. Clerk's No. 11-1 at 2.

evidence that complete diversity of citizenship exists between the parties. The diversity determination in this case hinges on the difference between the citizenship of a corporation and the citizenship of an LLC. The citizenship of an LLC, like Fairfield, includes the citizenship of all its members. *GMAC Commercial Credit LLC v. Dillard Dep't. Stores, Inc.,* 357 F.3d 827, 829 (8th Cir.2004) (citing *Carden v. Arkoma Assoc.,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)). Here, the sole member of Fairfield, Spara, is also an LLC, and the sole member of Spara, Ascalon, is also an LLC. Thus, the chain of citizenship must be established all the way down to Ascalon's members, the Trusts. Each entity must have citizenship diverse from that of the Defendants (Kentucky).

Defendants argue that the Court should treat Spara as if it were a corporation instead of an LLC, effectively cutting off the chain and rendering the citizenship of Ascalon (the sole member of Spara) and the Trusts (members of Ascalon) irrelevant for purposes of diversity jurisdiction. A corporation "shall be deemed to be a citizen of every State and foreign state by which it is been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, if the Court treated Spara as a corporation, diversity jurisdiction would exist because neither Fairfield nor Spara is a citizen of Kentucky. Defendants argue that the Court should treat Spara as if it were a corporation for three reasons: (1) the word "corporation" in 28 U.S.C. § 1332 should be interpreted to include LLCs because, section 1332 was enacted at a time when LLCs did not exist, and, when Congress later defined "corporation" in Title 11 in 1978, the definition encompassed LLCs; (2) Spara elected to be treated as a corporation rather than an LLC for tax purposes; and (3) based on the effects of the Bankruptcy Plan of Reorganization, Spara more closely resembles a corporation. *See* Clerk's No. 11.

 Defendants' first argument is without merit because the Eighth Circuit has expressly recognized that "Congress is the appropriate forum to consider and, if it desires, to apply the same 'citizenship' rule for LLCs as corporations for diversity jurisdiction." *GMAC,* 357 F.3d at 829 (citing *Carden,* 494 U.S. at 197, 110 S.Ct. 1015). Congress has not done so. The fact that Congress may have chosen to define "corporation" more broadly in Title 11 does not change the meaning of "corporation" as it has been interpreted under Title 28. *See Yates v. United States,* ‒‒ U.S. ‒‒, 135 S.Ct. 1074, 1082, 191 L.Ed.2d 64 (2015) ("We have several times affirmed that identical language may convey varying content when used in different statutes, sometimes even in different provisions of the same statute."). Similarly, Spara's elective decision to be treated as a corporation for tax purposes does not somehow transform its LLC status for purposes of evaluating diversity jurisdiction.[2] The motivations behind a business entity's choice to be taxed in a certain manner have no bearing on the rationale for evaluating the citizenship of each member of an LLC. *See GMAC,* 357 F.3d at 828 ("The corporation exception coincides with the common law's tradition of treating only incorporated groups as legal persons and accounting for all other groups as partnerships."). Defendants' third argument is equally unavailing. They argue that, as part of the

---

**2.** Effective January 1, 2014, Spara elected, and was approved by the Internal Revenue Service ("IRS"), to be "a domestic eligible entity to be classified as an association taxable as a corporation." Clerk's No. 13. An LLC can elect to be taxed as a corporation simply by filling out IRS File Form 8832. *See* INTERNAL REVENUE SERVICE PUB. 3402 (2015).

Bankruptcy Plan of Reorganization, Ascalon "is no longer the member of Spara," and therefore the plan "prevents flow-back to the trusts for diversity purposes." *See* Clerk's No 11 at 3. But diversity jurisdiction is determined at the time the action is filed, or as here, removed from state court. *See Schubert,* 649 F.3d at 822. This case was removed on February 25, 2015. *See* Clerk's No. 1. The Plan of Reorganization was approved on March 23, 2015. *See* Clerk's No. 11–1. Thus, to the extent the Plan of Reorganization may have affected the interests of Ascalon and the Trusts, such a change does not influence the Court's analysis of jurisdiction. Accordingly, the Court concludes that Spara must be considered as an LLC, and, accordingly, the citizenship of Ascalon and the Trusts must be considered for purposes of determining if diversity jurisdiction exists. Fairfield does not assert that Ascalon's citizenship destroys diversity. Rather, Fairfield argues that Defendants have not met their burden of proving the citizenship of the Trusts is diverse from their own citizenship.

The analysis for determining the citizenship of a trust has not been conclusively decided in the Eighth Circuit. In *Navarro Savings Association v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), the Supreme Court held that when the trustees of a business trust filed suit in their own name, the citizenship of the trustees— not the beneficiaries of the trust—controlled the diversity analysis. Subsequently, in *Carden,* the Supreme Court noted that "*Navarro* had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." 494 U.S. at 192–93, 110 S.Ct. 1015. Nonetheless, some Circuits still cited *Navarro* for the blanket proposition that the citizenship of a trust is that of the trustee. *See Hicklin Eng'g L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir.2006); *Johnson v. Columbia Prop. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir.2006). Other Circuits evaluated *Navarro* in light of the Supreme Court's ruling in *Carden* and concluded that the citizenship of both the trustees and the trust beneficiaries must be considered. *See Riley v. Merrill Lynch,* 292 F.3d 1334 (11th Cir.2002), *overruled on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,* 547 U.S. 71, 126 S.Ct. 1503, 164 L.Ed.2d 179 (2006); *Emerald Inv'r Tr. v. Gaunt Parsippany Partners,* 492 F.3d 192 (3d Cir.2007). Several district court decisions have also concluded that the citizenship of beneficiaries should be considered. *See Yueh–Lan Wang v. New Mighty U.S. Trust,* 841 F.Supp.2d 198, 207 (D.D.C.2012) (concluding that "members of a trust [for diversity purposes] include its beneficiaries"); *Crews & Assoc., Inc. v. Nuveen High Yield Mun. Bond Fund,* 783 F.Supp.2d 1066, 1068–69 (E.D.Ark.2011) (concluding that if the trust itself is a party "then, as an unincorporated entity, its citizenship is determined by all of its members"); *San Juan Basin Royalty Tr. v. Burlington Res. Oil & Gas Co., L.P.,* 588 F.Supp.2d 1274, 1280 (D.N.M.2008) ("When suit is brought by a trust in its own name, the Court finds that the trust takes on the citizenship of its beneficiaries."); *Moris v. Chrysler Grp., LLC,* No. 14–4981, 2015 WL 2373457, at *7 (D.Minn. May 18, 2015) (concluding that the citizenship of a trust includes the citizenship of all its beneficiaries).

The Court is persuaded that here, where the Trusts themselves, rather than the trustee individually, are the actual parties in interest, the citizenship of the beneficiaries of the Trusts must be determined. In their Notice of Removal, Defendants state that "Fairfield Castings is a limited liability company organized under the laws of the state of Delaware, with its principal place of business in Iowa...."

None of plaintiff's members are believed to be a citizen of Iowa." Clerk's No. 1 at 1. But whether the Trusts are citizens of Iowa is inapposite to the analysis. The only other information regarding the Trusts is found in McClarty's declaration filed in support of Defendants' opposition to the Motion. The declaration states only that the Trusts are governed by the laws of Indiana, which is an insufficient basis for this Court to properly determine the citizenship issue. *See* Clerk's No. 11–1 at 1. Accordingly, Defendants have not met their burden to prove subject matter jurisdiction exists by a preponderance of the evidence, and the Court must grant Fairfield's Motion to Remand.

### B. *Attorney Fees*

Under 28 U.S.C. § 1447(c), this Court has discretion to award attorney fees to Fairfield when ordering remand. "The standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). An award of fees should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," but "not undermin[e] Congress' basic decision to afford defendants a right to remove as a general matter." *Id.* at 140, 126 S.Ct. 704.

Given the uncertainty of the law surrounding the determination of the Trusts' citizenship, the Court finds that it was not objectively unreasonable for Defendants to seek removal. Further, Fairfield did not allege that the removal was filed in an attempt to delay litigation or for any other improper purpose. Thus, the Court declines to order an award of attorney fees.

### III. CONCLUSION

For all the foregoing reasons, Fairfield's Motion to Remand (Clerk's No. 8) is GRANTED. Fairfield's request for an award of attorney fees associated with removal and remand is DENIED.

IT IS SO ORDERED.