# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3815
_____

Great River Entertainment, LLC

*Plaintiff - Appellant*

v.

Zurich American Insurance Company

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: September 21, 2022
Filed: September 11, 2023
_____

Before LOKEN, ARNOLD, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Great River Entertainment, LLC sought coverage from Zurich American Insurance for losses related to the COVID-19 pandemic. The district court granted Zurich's motion to dismiss for failure to state a claim. Great River appealed and moved to remand because there was not complete diversity of citizenship. We remand to the district court to consider whether there is federal diversity jurisdiction.

I.

In response to the COVID-19 pandemic, the Governor of Iowa issued a proclamation closing all Iowa bars and restaurants to indoor dining. To comply, Great River closed its restaurants, casinos, and other properties. Great River then filed a claim with Zurich for lost business income and COVID-19 mitigation costs. Zurich denied the claim, and Great River sued in state court for breach of contract and a declaration of coverage. Zurich removed the case to federal court based on diversity of citizenship. At that time, Great River agreed that federal subject matter jurisdiction was proper because the parties were completely diverse. After the district court granted Zurich's motion to dismiss for failure to state a claim, Great River appealed.

One day before its opening brief was due in this Court, Great River submitted an affidavit saying that at least 25 of its members were citizens of Illinois—Zurich's principal place of business. If true, this would destroy complete diversity between the parties and strip both us and the district court of jurisdiction. Great River moved to remand to state court on that basis.

II.

Jurisdiction is always the "first and fundamental question" of this Court. *Franklin ex rel. Franklin v. Peterson*, 878 F.3d 631, 635 (8th Cir. 2017) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). We review the district court's finding of subject matter jurisdiction *de novo*. *Am. Fam. Mut. Ins. Co. v. Vein Ctrs. for Excellence, Inc.*, 912 F.3d 1076, 1080 (8th Cir. 2019).

Federal diversity jurisdiction requires that (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity of citizenship. 28 U.S.C. § 1332(a). If any plaintiff is a citizen of the same state as any defendant, there is not "complete diversity" and federal courts lack jurisdiction. *See Halsey v. Townsend Corp. of Ind.*, 20 F.4th 1222, 1226 (8th Cir. 2021). Because "an LLC's citizenship

is that of its members," Great River is a citizen of any state where its members are citizens. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). And a corporation, like Zurich, is a citizen of every state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). If Great River's members were citizens of the same state where Zurich had its principal place of business, Illinois, the parties are not completely diverse.

"Any party or the court may, at any time, raise the issue of subject matter jurisdiction." *GMAC Com. Credit LLC*, 357 F.3d at 828. The Supreme Court has held that no action of the parties—including consent—can confer subject matter jurisdiction. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). But "the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission." *Ry. Co. v. Ramsey*, 89 U.S. 322, 327 (1874).[1] Because Great River initially agreed that the parties were completely diverse, Zurich argues that Great River admitted to a jurisdictional fact. Zurich says that Great River cannot defeat federal jurisdiction by taking back this admission after it lost a motion to dismiss.

Requiring a party to stand by their admissions of fact has some support. In general, stipulations and admissions bind the parties. *State Farm Mut. Auto. Ins. Co. v. Worthington*, 405 F.2d 683, 686 (8th Cir. 1968). And our sister circuits have held parties to their stipulations or admissions that establish federal question jurisdiction under 28 U.S.C. § 1331. *See, e.g.*, *Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986) (stating, in dicta, that an employer consented to federal question jurisdiction when it did not challenge its status as an

---

[1]*Ramsey* is often used to support the proposition that courts can rely on stipulations or admissions to exercise federal subject matter jurisdiction. *See, e.g.*, *Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1060 (5th Cir. 2022); *Verzosa v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 589 F.2d 974, 977 (9th Cir. 1978). But in *Ramsey*, the evidence supporting federal jurisdiction was destroyed. 89 U.S. at 327. So the court was *required* to accept the parties' admissions as true to exercise jurisdiction. *Id*. at 327–28.

FLSA employer); *Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 265 (4th Cir. 2004) (finding there was federal question jurisdiction when a pension plan manager conceded it was an ERISA fiduciary).

But no matter how other courts have handled the stipulation of jurisdictional facts related to federal question jurisdiction, our precedent is clear. In *GMAC*, a materially identical situation, we remanded the case for factual findings to determine whether the parties are indeed diverse. *GMAC Com. Credit LLC*, 357 F.3d at 828. We do the same here. If Great River's members were citizens of Illinois, they were citizens of Illinois—admissions to the contrary cannot change that fact. *GenoSource, LLC v. Inguran, LLC*, 386 F. Supp. 3d 984, 995 (N.D. Iowa 2019).

## III.

We cannot proceed without subject matter jurisdiction. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). Based on Great River's new affidavit, we are unable to conclude that its members were diverse. While Great River's carelessness has clearly wasted judicial resources, we cannot address the merits before determining federal jurisdiction. This is a task better suited for the district court. On remand, the court may also take additional action it deems appropriate. *See, e.g.*, *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 694 (7th Cir. 2003).

Reversed and remanded.

_____